## Cook et al., Appellants, v. Murphy.

150    41
150    44
150    41
153   127
153   524

150    41
187    29

*Mechanic's Liens—Contract—Sub-contractor—Default of Contractor.*

A sub-contractor is not bound by the provisions of the contract between the owner and the principal contractor which do not relate to his part of the work ; nor is he affected by the default of the original contractor or other sub-contractors.

*Supplemental contract, when binding on sub-contractor.*

A sub-contractor, unless notice thereof to him be shown, is not bound by the provisions of a supplemental contract between the original contractor and the owner entered into after his employment. He must be presumed to know the terms of the original contract between the owner and the principal contractor, but it is not his duty to inquire, during the progress of the work, whether or not a supplemental agreement has been made.

Argued Jan. 20, 1892.    Appeal, No. 8, Jan. T., 1892, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1890,   M. L. D., discharging rule for judgment for want of sufficient affidavit of defence in sci. fa. sur. mechanics' claim.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Plaintiffs filed a claim in due form, as sub-contractors, for labor and material in painting and glazing, furnished from Jan. 7 to May 30, 1890.   To a sci. fa. against Murphy as owner and Christy as contractor, Murphy filed an affidavit of defence alleging that the claim in suit was contracted for by Christy in the fulfilment of contracts made with deponent as owner Dec. 13, 1889, and April 17, 1890.   The first contract was an ordinary building contract, specifying the kind of building, cost, etc.   The supplemental contract provided for the completion of the building May 25, 1890, with a penalty of $10 per day thereafter until completed.   It also contained a provision as to release of liens.   The affidavit averred that the building was not completed until Nov. 1, 1890; and that the work done and materials furnished were defective, but without specifying that it was plaintiff's work or material which was meant.   Defendant claimed to enforce against plaintiffs, as to their whole claim, the provisions of the first contract, and the provisions of the second contract as to such portions of the claim as were not incurred prior to the date of the second con

tract.   The specific items were for loss of rent, reduction for defective materials and work, and penalty for delay.   Defendant further alleged that no lien could be filed for items not incurred prior to April 17, 1890, in view of the express waiver.

A rule for judgment for want of a sufficient affidavit of defence was discharged by the court, and plaintiffs thereupon appealed.

*Errors assigned* were (1) discharge of rule, and (2) refusal of judgment.

*Sheldon Potter*, with him *Leoni Melick*, for appellants.—Subcontractors are bound by the original contract only to the extent of their undertaking: Schroeder v. Galland, 134 Pa. 277; Harlan v. Rand, 27 Pa. 511; Murphy v. Morton, 139 Pa. 345.

*E. Spencer Miller*, with him *J. Granville Leach*, for appellee.— The chief contractor is a special agent of the owner: Schroeder, Galland, 134 Pa. 277.   And those dealing with a special agent take the risk of his authority: Nisley v. Kinton, Pears. 21; Baring v. Pierce, 5 W. & S. 548.

OPINION BY MR. JUSTICE STERRETT, July 13, 1892.

The only question presented by this record is whether the court erred in refusing to enter judgment for want of a sufficient affidavit of defence.   That question, we think, is entitled to an affirmative answer.

If this were a scire facias on a claim filed by Christy, the principal contractor, for work and labor done and materials furnished by himself under his contracts with the owner of the building, averments of default and consequent damage, such as are contained in this affidavit of defence, would be sufficient to prevent judgment; but the plaintiffs were sub-contractors, under Christy, for the painting and glazing of the house, without notice of the supplemental contract of April 7, 1890, and, as such contractors under the original contract of December 13, 1889, between Christy and the owner, they fully performed their part of the agreement and filed their claim in due form, giving the items and dates thereof in detail.   The integrity of their claim is not in any manner impeached by the affidavit of defence, nor is it even suggested that they did not perform their undertaking with due diligence and in strict compliance with the terms of said contract.   Conceding, for

the sake of argument merely, that the principal contractor himself, and other sub-contractors, were in default, as alleged, and that the defendant, owner of the building, was thereby damaged, it by no means follows that the plaintiffs are answerable for such damage or any part thereof. To hold that they are, would be virtually declaring that a sub-contractor is bound by every provision of the contract between the owner and the principal contractor whether it relates to his part of the work or not. Such a proposition would be wholly untenable. It would subvert the very principle on which the lien law in favor of material-men and sub-contractors is based and virtually make them sureties for the principal contractor instead of making the building their security.

The authority of Christy to bind the building, as surety to the plaintiffs for the amount of their work and materials, sprang, not from his supplemental contract with the owner, made when the painting and glazing was nearly completed, but from the original contract of December 13, 1889, of which alone the plaintiffs had notice. The latter contains no provision that can be construed into a waiver of right to file a lien ; nor does it provide for the completion of the building, or payment of damages for non-completion thereof within a specified time. In form, it is an ordinary building contract, specifying the kind of building, cost, etc., not even providing for time and mode of payment. There is nothing in its provisions to bring the case within the principle of Schroeder v. Galland, 134 Pa. 277, and that line of cases. The supplementary agreement contains other provisions, but, inasmuch as the plaintiffs do not appear to have had any notice thereof and cannot be affected thereby, it is unnecessary to consider them.

When plaintiffs were employed by the contractor to do the painting and glazing, they knew, or must be presumed to have known, the terms of the original contract—the only one then in existence. In the absence of any notice that its terms were changed, they had a right to presume that it remained unaltered. It was not their duty to inquire, during the progress of their work, whether a supplemental agreement was made or not. If it was to the interest of either party to that agreement that the plaintiffs should be informed of the change in

terms, etc., it was the duty of such party to give notice thereof. As the case is presented, the plaintiffs are not affected by any of the provisions of the supplemental agreement, and there is nothing in the terms of the original, or in the facts presented in the affidavit of defence, to justify the refusal of judgment for the amount of their claim and interest.

It is ordered that the record be remitted to the court below with direction to enter judgment against defendants for the amount of plaintiff's claim, with interest, etc., unless other legal or equitable cause be shown to said court why such judgment should not be so entered.