MURPHY & DIEBOLD v. MARY I. MORTON.

139   345
153   127
153   526
139   345
156   174
139   345
160   385

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued November 7, 1890—Decided January 5, 1891.

A covenant by the contractor for the erection of a building, that, before
the final payment shall become due, he will furnish releases from all
persons having a right of lien, will not protect the owner from me-
chanics' liens for work done or materials furnished in good faith by sub-
contractors and material-men: Schroeder v. Galland, 134 Pa. 277,
distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 234 October Term 1890, Sup. Ct.; court below, No. 663
September Term 1890, C. P. No. 1.

On August 27, 1890, a writ was served in scire facias sur
mechanics' lien filed by one Murphy and another, partners as
Murphy & Diebold, against Mary I. Morton, owner or reputed
owner, and Edward McLaughlin, contractor, for $2,377.66, for
work and materials done and furnished for the erection of two
contiguous dwelling-houses, at the instance and request of said
Edward McLaughlin.

On September 15, 1890, Mary I. Morton filed an affidavit of
defence, averring:

"That she never had any dealings with the said plaintiffs,
and does not know what their dealings and the state of their
accounts are with the said McLaughlin; that, if they furnished
any material for deponent's buildings, such material was fur-
nished to said McLaughlin, who was the contractor of said
buildings, and not to deponent. Deponent further says, that
said buildings were erected by said McLaughlin under a writ-
ten contract, a true copy of which is hereto attached and made
part hereof; that said contract contains a stipulation that no
mechanics' liens shall be filed against said buildings, and that,
therefore, the said plaintiffs have no right to assert or file any
mechanics' lien against the same."

Opinion of the Court.

The contract referred to in the affidavit provided:

" The said party of the second part," (E. J. McLaughlin,) ". . . . . will deliver the said houses, so completed, to the party of the first part, free, clear and discharged of, and from all claims, liens of mechanics and material-men, and from any and all charges whatsoever; and, to insure on his part the performance of this part of the contract, the party of the second part hereby agrees to furnish to the owner, at each payment after the first payment, satisfactory receipts, showing that the proceeds of all preceding payments have been devoted exclusively to paying for materials and workmanship used in the construction of the said pair of houses ; and, before the last or final payment shall be due or payable, the party of the second part shall furnish the party of the first part with releases from subcontractors and material-men, and from any and all persons having a right of lien or action against the said houses, or the property on which they are located, for any work or materials furnished and used in their construction."

On October 2, 1890, a rule for judgment for want of a sufficient affidavit of defence was made absolute, and judgment entered in favor of the plaintiffs for $2,437.10. Thereupon the defendant took this appeal, assigning the order directing said judgment, for error.

*Mr. W. K. Shiras* (with him *Mr. C. C. Dickey*), for the appellant.

Counsel cited: Schroeder v. Galland, 134 Pa. 277 ; Benedict v. Hood, 134 Pa. 289 ; Campbell v. Scaife, 1 Phila. 187 ; Given v. Bethlehem Church, 11 W. N. 371; Haley v. Prosser, 8 W. & S. 133 ; Phillips on Mech. L., 90; Sergeant on Mech. L., 1st ed., 73 ; Harlan v. Rand, 27 Pa. 511.

*Mr. J. McF. Carpenter*, for the appellees, was not heard.

In the brief filed, counsel cited: Bolton v. Johns, 5 Pa. 149 ; White v. Miller, 18 Pa. 53 ; Odd Fellows Hall v. Masser, 24 Pa. 510 ; Wolf v. Batchelder, 56 Pa. 87; Church v. Allison. 10 Pa. 413; Singerly v. Doerr, 62 Pa. 1.

PER CURIAM:
This case is not ruled by Schroeder v. Galland, 134 Pa. 277.

Syllabus.

The point decided in that case was that a sub-contractor stands in the shoes of his contractor, and cannot file a lien when he could not. In this case, there was no agreement by the contractor not to file a lien. What he did agree to was this: "Before the last or final payment shall be due or payable, the party of the second part (contractor) shall furnish the party of the first part with releases from sub-contractors and material-men, and from any and all persons having a right of lien against the said houses, or the property on which they are located, for any work or materials furnished and used in their construction." There is here no covenant on the part of the contractor not to file a lien. On the contrary, there is a recognition of the right of sub-contractors and material-men to lien the building. All it amounts to is, that, before the contractor shall receive his last payment, he shall furnish releases from all persons entitled to file liens. Until the contractor complies with this stipulation, he cannot get his money. If the defendants have paid him in full, without enforcing this part of the agreement, it is their misfortune.

The affidavit of defence was clearly insufficient, and judgment was properly entered for the plaintiffs.

.Affirmed.

Argued November 7, 1890—Decided January 5, 1891.