## P. W. DERSHEIMER ET AL. v. T. MALONEY ET AL.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 15, 1891—Decided October 5, 1891.

(*a*) A building contract provided that there should not be "any legal or lawful claims against the contractor in any manner, from any source whatever, for work or materials furnished;" and that the owner "will not in any manner be answerable . . . . . for any of the materials or other things used and employed in finishing and completing said works:"

1. Those provisions constituted a necessarily implied covenant by the contractor that no liens should be filed against the building. A subcontractor was chargeable with notice of and was bound by all the stipulations of the original contract, and therefore was not entitled to file a lien for material furnished under his sub-contract: Schroeder v. Galland, 134 Pa. 277.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 324 January Term 1891, Sup. Ct.; court below, No. 64 December Term 1887, C. P.

On October 1, 1887, P. W. Dersheimer and B. Griffin, trading as Dersheimer & Griffin, issued a scire facias sur mechanics' lien filed against Thomas Maloney, owner or reputed owner, and Thomas J. Nichols, contractor. The defendant Maloney pleaded nil debet, payment with leave, etc.

---

* See act of June 8, 1891, P. L. 225.

Charge of Court below.

At the trial on January 15, 1891, it was made to appear that, on August 10, 1886, Thomas Maloney, the defendant, entered into a contract, under seal, with one Thomas J. Nichols, whereby the said Nichols, in consideration of $7,220, covenanted that he should and would "on or before December 1, 1886, well and sufficiently erect, finish and deliver in a true, perfect and workmanlike manner, the materials and work required in the erection and completion of a three-story frame building" for the said Thomas Maloney, agreeably to the plans, drawings and specifications prepared therefor by John A. Duckworth, architect.   The said contract contained the following provisions:

" 2. . . . . Eighty-five per cent will be paid as the work progresses on labor and materials, in monthly payments, according to and upon the estimate of the architect.   The proprietor reserves the right to pay bills, deducting fifteen per cent until completion: Provided, that in each case of payment a certificate shall be obtained from the architect; . . . . . and, provided further, that in each case a certificate shall be obtained by the contractor from the clerk of the office where liens are recorded, signed and sealed by the clerk, that he has carefully examined the records and finds no liens or claims recorded against said work; neither shall there be any legal or lawful claims against the contractor in any manner, from any source whatever, for work or materials furnished on said works."

" 7. The proprietor will not, in any manner, be answerable or accountable for loss or damage that shall or may happen to said work or any part or parts thereof respectively, or for any of the materials or other things used and employed in finishing and completing said works; or for injury to any person or persons, either workmen or the public, or for damage to adjoining property." . . . .

The plaintiffs were sub-contractors under Nichols, and furnished lumber and materials for the building.

At the close of the testimony, the court, WOODWARD, J., charged the jury:

The building in question was erected for Mr. Maloney by Thomas J. Nichols, the contractor, under a written contract, which has been read in your hearing and is in evidence; and

Charge of Court below.

without quoting the language of that contract accurately at this time, we call your attention to the fact that it substantially provides that Nichols, the contractor, is to finish this house for Maloney, the owner, and that said Maloney is not to be liable for any claim, or lien, or encumbrance, to sub-contractors, arising out of work and labor performed, or for material furnished in the erection of the building.

That, in effect, in our judgment, is the meaning of the provision in the contract to which your attention has been called. I do not profess to quote the language precisely. If we are correct in this view of the contract, then it follows that Dersheimer & Griffin, who were sub-contractors under Nichols, and who furnished lumber and material for this building, had no right to file their lien. In other words, they were bound by the covenants of the contract between Maloney and Nichols, and their right, which under other circumstances might exist, to have a lien against this property, was gone and disposed of by the contract.

Now, the counsel have submitted to us two points, which raise distinctly the legal questions I have suggested.

Defendant's first point reads as follows:

1. If the jury believe Dersheimer & Griffin sub-contracted with Nichols to furnish a part of the material for the building, and that Nichols had contracted with Maloney to build a house at a price agreed upon between them, and that Maloney under the contract was not in any manner to be answerable or accountable for any of the materials or other things used and employed in finishing and completing the building, Dersheimer & Griffin cannot maintain a lien against Maloney's building for material furnished by them under a contract with Nichols.

Answer: That point, gentlemen, we feel it our duty to affirm.[1]

2. Under the law and the evidence, the verdict must be for Maloney, the defendant.

Answer: There being no dispute about the facts referred to in the second point and assumed therein, we say to you that it is well taken also, and it is our duty to charge you that under the law and the evidence your verdict in this case should be for the defendant.[2]

Opinion of the Court.

The jury returned a verdict in favor of the defendant. Judgment having been entered, the plaintiffs took this appeal, assigning for error:

1, 2. The answers to the defendant's points.[1] [2]

*Mr. S. J. Strauss* (with him *Mr. B. F. McAtee*), for the appellants.

Distinguishing Schroeder v. Galland, 134 Pa. 282, and Benedict v. Hood, 134 Pa. 289, upon the terms of the contract in the case at bar, counsel cited: O'Nail v. Craig, 56 Pa. 161; Mitchell v. Coates, 47 Pa. 202; O'Conner v. Warner, 4 W. & S. 225; Savoy v. Jones, 2 R. 343; Hershey v. Shenk, 58 Pa. 385; Hunter v. Lanning, 76 Pa. 25; Murphy v. Morton, 139 Pa. 345; Kellogg v. Howes, 81 Cal. 170.

*Mr. John T. Lenahan* (with him *Mr. P. A. O'Boyle*), for the appellee.

Counsel cited: Schroeder v. Galland, 134 Pa. 277; Benedict v. Hood, 134 Pa. 289; Scheid v. Rapp, 121 Pa. 593; 2 Parsons on Cont., 501; Williamson v. McClure, 37 Pa. 408; Campbell v. Scaife, 1 Phila. 187; Harlan v. Rand, 27 Pa. 511; Given v. Bethlehem Church, 11 W. N. 371; Brown v. Cowan, 110 Pa. 588.

OPINION, MR. JUSTICE STERRETT:

The lien in question was filed by plaintiffs against the building erected by Thomas J. Nichols, one of the defendants, for Thomas Maloney, the other defendant, under a written contract the seventh clause of which provides, inter alia, that "the owner will not in any manner be answerable. . . . . for any of the materials or other things used and employed in finishing and completing the said works," etc. In the second clause, specifying the terms and conditions on which payments on account of the work shall be made as it progresses, it is provided, among other things, that there shall not "be any legal or lawful claims against the contractor in any manner, from any source whatever, for work or materials furnished on said works."

On behalf of defendant Maloney the court was requested to charge:

"1. If the jury believe Dersheimer & Griffin sub-contracted

Opinion of the Court.

with Nichols to furnish a part of the materials for the building, and that Nichols had contracted with Maloney to build a house at a price agreed upon between them, and that Maloney, under the contract, was not in any manner to be answerable or accountable for any of the materials or other things used and employed in finishing and completing the building, Dersheimer & Griffin cannot maintain a lien against Maloney's building for materials furnished by them under the contract with Nichols.

"2. Under the law and the evidence, the verdict must be for Maloney, the defendant."

These points were affirmed, and a verdict rendered accordingly, and that action of the court constituted the two specifications of error before us.

If the provisions contained in the agreement between the owner and the contractor amount to an express or necessarily implied covenant that no lien shall be filed against the building, the plaintiffs, on the authority of Schroeder v. Galland, 134 Pa. 277, are bound thereby.   As was held in that case, the only connection between the owner and the sub-contractor being through and by means of the contract between the owner and the principal contractor, the sub-contractor is chargeable with notice of all its terms and stipulations, and is bound thereby. He cannot have the benefit of the builder's contract without accepting its conditions.   While the language of the contract in that case differs from that employed in the agreement before us, we have no doubt the parties intended to provide against the filing of liens; and while they have not done so in express terms, we think that by fair intendment the words used necessarily include both liens and personal liabilities.   The owner is not to " be answerable or accountable. . . . . in any manner " for any of the materials, etc.   If this is not an implied covenant against filing liens, then the owner is " answerable or accountable " in at least one mode or manner; not liable in person, it is true, but in property, which is equally efficacious.   Again, in the second clause, the inhibition is:  " Neither shall there be any legal or lawful claim against the contractor in any manner, from any source whatever, for work or materials."   An observance of this provision would have excluded the conditions on which alone the right to file a lien is based.   We cannot say there was any error in the rulings complained of, and therefore

The judgment should be affirmed.