## O. H. TEBAY ET AL. v. KIRKPATRICK & CO.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF ARMSTRONG COUNTY.

Argued October 14, 1891—Decided January 4, 1892.

1. Claims for work done and materials furnished do not become liens on
a building from the mere fact that the work was done or the materials
furnished in and about the erection of the building. Such claims for
liens must be founded on a contract, express or implied, with the owner
of the estate sought to be charged: Harlan v. Rand, 27 Pa. 511.
2. When an express contract is entered into for the building of a house,
the parties are directly connected by the contract. In such case, the
right of a material-man being through such contract with the builder,
he is chargeable with notice thereof, and, by necessary consequence, of
all its terms and conditions: Schroeder v. Galland, 134 Pa. 284.*
(a) A contract to erect and deliver a completed house provided that the
contractor should "not sub-let the works, or any part thereof, without
consent in writing of the proprietor," and that the latter should "not
in any manner be answerable or accountable for . . . . . any of the
materials or other things used or employed in finishing and completing
the said works:"
3. These provisions constituted an implied covenant by the contractor
that no liens should be filed against the building. A claimant for work
done and materials furnished upon the order of the contractor, was
chargeable with notice of and was bound by them, and therefore was
not entitled to file a mechanics' lien: Dersheimer v. Maloney, 143 Pa.
532.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 290 October Term 1891, Sup. Ct.; court below, No. 217
September Term 1890, C. P.

---

* See act of June 8, 1891, P. L. 225; but, can it stand?

On August 12, 1890, O. H. Tebay and I. T. Klingensmith, doing business as Tebay & Klingensmith, issued a scire facias sur mechanics' lien against Kirkpatrick & Co., Limited, owners or reputed owners, and J. T. Watt, contractor.

The lien was filed on August 12th, the same day the scire facias issued, for materials furnished and work and labor done on a frame house in the borough of Leechburgh, to the amount of $439.52. A bill of particulars was attached, verified by affidavit as set forth in the opinion of the Supreme Court, infra.

On August 30, 1890, Kirkpatrick & Co. filed an affidavit of defence averring that the defendant firm

" By articles of agreement, a copy of which is hereto annexed and made part of this affidavit of defence, contracted with J. T. Watt for the erection of a dwelling-house in Leechburgh borough against which the lien in this case is sought to be entered; that the plaintiffs' firm had no contract or agreement of any kind with the said firm of Kirkpatrick & Co., Limited, and any contract they had in the erection of said building was with J. T. Watt; that, under the said contract with Kirkpatrick & Co., Limited, the said J. T. Watt had no authority whatever, express or implied, to bind the said building, the ground upon which the same is erected, or the defendant firm, to the plaintiffs for any work, labor or materials furnished or performed upon the said building, or to subject the same to lien; but, by the said contract, the building when completed and delivered to the defendant firm was to be free from liens. The said plaintiffs are bound by the provisions and terms of said contract, and the plaintiffs have no right, as the affiant is informed and truly believes, to file the lien sought to be filed in this case, nor to enforce the same in the present proceeding."

The contract, a copy of which was attached to the affidavit of defence, was entered into by John T. Watt, of the first part, and Kirkpatrick & Co., of the second part; was dated November 21, 1889, and provided that said Watt covenanted well and sufficiently to erect, finish and deliver the building, in a true, perfect and thoroughly workmanlike manner, to the satisfaction and under the direction and supervision of the architect,

" 1. . . . . And will find and provide such good, proper, and sufficient materials, of all kinds whatsoever, as shall be proper and sufficient for the completing and finishing all the above-

Arguments.

named works and other works of said building mentioned in the specifications," . . . .

" 2. . . . . In each case [of payment on account], a certificate shall be obtained by the contractor, from the clerk of the office where liens are recorded, signed and sealed by said clerk, that he has carefully examined the records, and finds no liens or claims recorded against said works, or on account of the said contractor; neither shall there be any legal or lawful claims against the contractor in any manner, from any source whatever, for work or materials furnished on said works. . . . . The contractor, at his own proper cost and charges, is to provide all manner of labor, materials, apparatus. . . . . The contractor shall not sub-let the works, or any part thereof, without consent in writing of the proprietor."

" 7. The proprietor will not, in any manner, be answerable or accountable for any loss or damage that shall or may happen to the said works, or any part or parts thereof respectively, or for any of the materials or other things used and employed in finishing and completing the said works; . . . . "

" 9. All work and materials, as delivered on the premises to form part of the works, are to be considered the property of the proprietor, and are not to be removed without his consent; but the contractor shall have the right to remove all surplus materials after his completing the works."

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, RAYBURN, P. J., on September 7, 1891, made the rule absolute, and directed judgment to be entered in favor of the plaintiffs, with interest. Judgment having been entered for the plaintiffs in the sum of $468.71, the defendants took this appeal, assigning the order directing judgment for the plaintiffs for want of a sufficient affidavit of defence, for error.

*Mr. Joseph Buffington* (with him *Mr. Orr Buffington* and *Mr. J. R. Henderson*), for the appellants.

Counsel cited: Harlan v. Rand, 27 Pa. 514; Brown v. Cowan, 110 Pa. 588; Schroeder v. Galland, 134 Pa. 284; Campbell v. Scaife, 1 Phila. 187; Bruner v. Sheik, 9 W. & S. 120; distinguishing Murphy v. Morton, 139 Pa. 346.

Opinion of the Court.

*Mr. M. F. Leason*, for the appellees.

Counsel cited: Harlan v. Rand, 27 Pa. 516 ; Hoatz v. Patterson, 5 W. & S. 537 ; § 5, act of April 16, 1845, P. L. 538; Schroeder v. Galland, 134 Pa. 287 ; act of June 8, 1891, P. L. 225 ; Murphy v. Morton, 139 Pa. 345.

OPINION, Mr. JUSTICE STERRETT :

This scire facias sur mechanics' lien is based upon a claim filed by the plaintiffs against Kirkpatrick & Co., Limited, owners or reputed owners, and J. T. Watt, contractor. Appended to the claim is an itemized account against the contractor for hardware, tin-work, etc., verified by an affidavit averring that the bill of items is correctly copied from the plaintiffs' books of original entry ; that the work was done and materials furnished at or about the dates of the respective charges, within six months last past, and upon the credit of the building described in the lien ; and that there is justly due and owing to plaintiffs the sum of $439.52, on account of which defendants are not entitled to any credit whatever.

In their affidavit of defence appellants say they have a full and complete defence, for the nature and character of which they refer to their agreement with the contractor, a copy of which is appended to and made part thereof. That agreement provides, among other things, that the contractor shall " not sub-let the works, or any part thereof, without consent in writing of the proprietor " or owners ; and also that said owners shall " not in any manner be answerable or accountable for . . . . . any of the materials or other things used and employed in finishing and completing said works." This latter provision is substantially the same as the stipulation contained in the contract that was under consideration in Dersheimer v. Maloney, 143 Pa. 532. In that case, it was held that the sub-contractor could neither recover against the owner, nor enforce a lien against the building.

The obvious purpose of provisions such as those above quoted, is to protect the owner from liability, either personally or in rem, for materials furnished by sub-contractors. As was said in Harlan v. Rand, 27 Pa. 514, claims of workmen and materialmen do not become liens on a building from the mere fact that the work was done or the materials furnished for its

erection; they must be founded on a contract, express or implied, with the owner of the estate sought to be charged. The lien law of 1836 provides only for "debts contracted" for work and materials: § 1, act of June 16, 1836, P. L. 696. When the owner employs a house-builder to erect a house for him, the parties are directly connected by contract, and the lien must be founded thereon. "It is the plain and obvious duty of one who deals with an alleged contractor to know the relation which he bears to the owner; failing in this, he furnishes labor and materials at his peril:" Brown v. Cowan, 110 Pa. 593. Hence, it was said in Schroeder v. Galland, 134 Pa. 284: "The only connection between the owner and the sub-contractor, was through and by means of the written contract between the owner and the principal contractor. He could not, in such circumstances, contract with this person, without being charged with notice of the contract of the latter with the owner, and, by necessary consequence, with notice of all its terms and stipulations."

It follows from what has been said, that the plaintiffs knew or ought to have known the terms of the contract referred to in the affidavit of defence; and hence, in determining their right to judgment, it must be assumed they did know. In their dealings with the contractor, however, the plaintiffs disregarded the provisions of the contract that were intended for the protection of the defendants, and thus ignored their rights in the premises. In these circumstances they should not be permitted to enforce their claim against them or their property. We therefore think the learned judge erred in holding that the affidavit of defence was insufficient.

Judgment reversed, and procedendo awarded.