146   427
153   127
153   524

# C. L. WILLEY v. S. J. TOPPING.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 28, 1891—Decided January 4, 1892.

The original contract for the erection of a building containing no prohibition of mechanics' liens, a subsequent release of his right by the contractor will not prevent the filing of a lien by a material-man, though the materials were furnished after the release was delivered: Schroeder v. Galland, 134 Pa. 277, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 117 October Term 1891, Sup. Ct.; court below, No. 209 January Term 1890, C. P. No. 2.

Opinion of Court below.

To the first Monday of December, 1889, C. L. Willey issued a scire facias sur mechanics' lien, filed November 9, 1889, against S. J. Topping, owner or reputed owner, and John Huckenstein et al., partners as Huckenstein & Co., contractors. Issue.

At the trial, on November 13, 1890, after facts shown appearing in the opinion of the court below, a special verdict was taken from the jury as follows, to wit:

"We find for the plaintiff in the sum of $513.54, subject to the opinion of the court upon the question of law reserved, to wit: We find that on the twenty-ninth day of March, 1889, before the plaintiff had contracted to deliver the lumber in question, and before the delivery of the lumber at the building, Huckenstein & Co., the original contractors through whom plaintiff claims, executed and delivered to Mr. Topping, the owner, the agreement and release of liens in evidence, which agreement is made a part of this finding and a copy thereof is hereto attached; if the court should be of the opinion that notwithstanding the agreement, the plaintiff is entitled to recover; if the court be of the contrary opinion, judgment to be entered in favor of the defendant non obstante veredicto."

After argument of the question reserved, the court, EWING, P. J., on February 28, 1891, filed the following opinion and decree:

On the question of law reserved, there is no question as to the regularity of the lien; it is simply a question of the right of the plaintiff to file and maintain a lien, in consequence of the contract of the contractors through and under whom he claims, not to file a lien.

The owner made a verbal contract with Huckenstein & Co. to build this house, the contractor to furnish all the materials and to do all the work. The contract was verbal; nothing was said as to liens. About the time work was begun, possibly before any work was done, Huckenstein & Co., the contractors, to enable Topping, the owner, to obtain money on mortgage from a building and loan association, to pay for the building, agreed with the owner and the building and loan association to release the right to file liens, and in pursuance of the agreement executed and delivered the release of which a correct copy is made a part of the special verdict, as follows:

*Opinion of Court below.*

"ALLEGHENY CITY, March 29, 1889.

'For value received, we hereby release the new building of S. J. Topping, on Fifth Avenue and Murphy street, Pittsburgh, now in course of erection for him by us, and we hereby waive our right or privity to lien the said building on account of any work or materials which we may do or furnish in the erection of same.

"In witness whereof, we have set our hands and seals, the day first above written.

"HUCKENSTEIN & Co.    [SEAL.]"

On the faith of this release, the building and loan association furnished Topping the money, and took his mortgage on the property, before the plaintiff had any contract to furnish materials. Long after this date, to wit, from May 16th to June 20th, C. L. Willey furnished lumber to Huckenstein & Co. for this building, amounting to $474.39, without any inquiry, so far as appears from the testimony, as to Huckenstein's contract with the owner. Does the agreement of Huckenstein & Co. take away the right of the sub-contractor to file liens?

The release clearly took away any right on part of Huckenstein & Co. to file a lien on the building: Brown v. Williams, 120 Pa. 24. The recent case of Schroeder v. Galland, 134 Pa. 277, as also reasoning in the opinion of the court in the more recent case of Murphy v. Morton, 139 Pa. 345, is relied on by defendant's counsel. In the latter case, where the right of a sub-contractor to maintain a lien is sustained, the case of Schroeder v. Galland, supra, is approved, and as to that case it is said: "The point decided in that case was that a sub-contractor stands in the shoes of his contractor, and cannot file a lien when he could not." On the contracts of the owners and contractors in the two cases, a distinction is drawn which must govern us in passing on new cases in the light of those decisions.

If the decision above, in the latter case, which is in harmony with the uniform interpretation of the mechanics' lien law in this part of the state up to 1890, is followed, the decision is with the plaintiff. If we follow Schroeder v. Galland, and the exposition thereof contained in Murphy v. Morton, above quoted, the law is with the defendant, unless a distinction is to be drawn between an original undertaking of the contractors that no liens shall be filed, and a supplemental contract to that ef-

fect, made before the contract with the sub-contractor, and before any liability had been incurred to any sub-contractor.

It is difficult to draw such distinction and assign satisfactory reasons therefor, where the sub-contractor has made inquiry neither as to the original contract nor as to the supplementary agreement. But, in Schroeder v. Galland, there is an inferential remark indicating that the rule laid down only applies to the original contract. Following the last decision, and the formerly accepted interpretation of the mechanics' lien laws, we are unwilling to extend the rule of Schroeder v. Galland beyond its own facts, until the Supreme Court shall have further passed upon the question; and we will direct that judgment be entered in favor of the plaintiff.

And now, February 28, 1891, after argument and upon consideration, the court being of opinion that the law is with the plaintiff, C. L. Willey, it is ordered that upon payment of the verdict fee, judgment be entered on the verdict in favor of said C. L. Willey.

—Judgment having been entered as directed, the defendant Topping took this appeal, assigning the order entering judgment for the plaintiff on the reserved question, instead of for the defendant, for error.

*Mr. J. Chas. Dicken* (with him *Mr. Ed. G. Hartje*), for the appellant.

Counsel cited: Brown v. Williams, 120 Pa. 24; Schroeder v. Galland, 134 Pa. 277; Benedict v. Hood, 134 Pa. 289; Given v. Bethlehem Church, 11 W. N. 371; Campbell v. Scaife, 1 Phila. 187.

*Mr. A. M. Imbrie*, for the appellee.
Counsel cited: Murphy v. Morton, 139 Pa. 345.

PER CURIAM:

The only question here, is whether a material-man who furnished lumber for the defendant's building is prevented from filing a lien therefor by the fact that the contractor, subsequent to his contract but before the plaintiff furnished the lumber, had released his right to file a lien. In Schroeder v. Galland, 134 Pa. 277, the contractor was prevented by his contract with

the owner from filing a lien; and we held that, as the only connection between the owner and sub-contractor was through the contractor, the sub-contractor was bound by the agreement between the contractor and owner, and could not file a lien. This case does not come within that ruling, for the reason that in the original contract between the owner and the builder there was no stipulation that liens should not be filed, and we are not prepared to say that a release to file liens executed subsequently to the contract, would have the same force as an original stipulation to that effect. The distinction may seem to be a nice one, especially when the sub-contractor makes no inquiry as to the terms of the original contract. We can understand, however, that a material-man may be affected by the agreement between the contractor and owner before the work is commenced, and yet not be bound to inquire, from time to time as the work progresses, whether the terms of the original contract have been subsequently changed. We do not think this case comes within the principle of Schroeder v. Galland, and

The judgment is affirmed.