# Bolton, Appellant, *v.* Hey.

*Mechanics' liens—Contract providing against—Subcontractor.*

Where a contract for the erection of a building entered into prior to the act of June 8, 1891, P. L. 225, provided that no mechanics' liens should be filed, a subcontractor is bound thereby: Schroeder v. Galland, 134 Pa. 277.

Argued Feb. 10, 1892. Appeal, No. 214, Jan. T., 1892, by Frank H. Bolton, plaintiff, from decree of C. P. Delaware Co., Sept. T., 1891, No. 172, discharging a rule for judgment for want of a sufficient affidavit of defence, filed by Susanne B. Hey, defendant. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Sci. fa. sur mechanic's lien for materials furnished.

The affidavit of defence set forth that the building against which the lien was filed was erected under a contract, of which a copy was annexed, providing " that the said building should be built and delivered over to said Susanne Berry Hey free of all liens and incumbrances, or any claims whatever that might arise under any action of the said Frank R. Hill (the principal contractor) or his legal representatives under such contract."

A supplementary affidavit of defence set forth that defendant had fully complied with the terms of the contract and had paid to Hill, the contractor, all the money due to him under the contract, and that the house contracted for had never been finally approved by the architect, and said Hill had never furnished a release of liens, as provided by the contract. The material part of the contract between the parties provided that payment was to be made upon certificate of the architect and " upon sufficient evidence that all claims upon the building for work or materials up to the time of each and every payment, are discharged, or if the said party of the first part shall require it, either a full or partial release, at the option of and satisfactory to the said party of the first part, of all liens against said premises on the part of all persons, if any, who, up to that time, have delivered materials for use in, or performed work upon the said building, and before the final payment hereafter specified shall become due, to furnish to the said party of the first part a full, complete and perfect release of all liens which

may lie against the building or premises on account of work done or materials furnished thereto, including the liens of the said party of the second part."

Together with the contract there was a supplementary agreement which contained this additional clause : " And that the provisions of the ninth section of said contract (above quoted) shall not be taken to subject the said building to any liability for the payment of labor or materials furnished in and about the erection thereof or the said party of the first part to any liability therefor, other than the payment of the contract price to the said party of the second part as therein provided."

Plaintiff took a rule for judgment for want of a sufficient affidavit of defence, which the court discharged. Plaintiff appealed.

*Errors assigned* were (1 and 2) failure to enter judgment for the plaintiff.

*E. H. Hall, Robert N. Simpers* with him, for appellants.

*Lewis Lawrence Smith, A. Lewis Smith* with him, for appellees.

Per Curiam, March 28, 1892 :

The learned judge of the court below held that the affidavit of defence was sufficient to prevent judgment. In this we think he was right. The case comes directly within the ruling in Schroeder v. Galland, 134 Pa. 277. Indeed, the contract appears to have been drawn with reference to that decision, as its language is identical with the opinion of Mr. Justice Green. We adhere to the law of that case. It follows that the judgment of the court below must be affirmed.