# McElroy et al., Appellants, *v.* Braden et al.

*Mechanics' lien—Parol contract against liens.*

It is not necessary that a contract between the owner and contractor stipulating against liens should be in writing; it may be by parol, but it must be definite and explicit.

*Subcontractors—Duty to inquire.*

The contractor's stipulation with the owner, that no liens shall be filed, is binding on subcontractors and material-men; and whenever, by the terms of his contract with the owner, the contractor himself has no right to file a lien, he cannot so deal with his subcontractors and material-men as to give them the right to do so.

It is the duty of one who deals with an alleged contractor to know the relation he bears to the owner; failing in this he furnishes labor and material at his peril. That duty can be properly discharged only by inquiring of the owner what the terms of the agreement between him and the contractor are. A failure to inquire presumes notice of every fact that such inquiry would have elicited.

*Assignments of error to admission of testimony.*

A specification of error to the admission of testimony which fails to quote the testimony is bad.

Argued Oct. 18, 1892. Appeal, No. 119, Oct. T., 1892, by plaintiffs, J. A. McElroy et al., from judgment of C. P. Washington Co., Nov. T., 1890, No. 194, on verdict for defendants, J. M. Braden and wife, et al. Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Sci. fa. sur mechanics' lien, against owners and contractor. Pleas, nunquam indebitatus.

The facts appear by the opinion of the Supreme Court.

On the trial, before McILVAINE, P. J., defendants offered to show by J. M. Braden, one of the defendants, the amount of money paid by the defendants under the contract to him, under what circumstances and under whose order it was paid, for the purpose of showing that the defendants acted in good faith and consistently, under the terms of the contract.

This was objected to as incompetent and irrelevant for the reason that the right of the plaintiffs to have a mechanics' lien against the property did not depend upon the payment of the contract price to the contractor, and that the question of good faith on the part of the defendant owners could not affect the

right of the plaintiffs to have a mechanics' lien against this property.   Objection overruled, exception. [1]

Plaintiffs' first point is quoted in the opinion of the Supreme Court. [2]   They also presented the following point:

" 5. Under all the evidence in this case the verdict must be for the plaintiff.   *Answer:* Refused.   As we said before, we leave the question to you, and we repeat again that we think the material fact in this case that is contested, and upon which the plaintiffs' case rests, is the fact whether or not there was an agreement between Thomas H. Scott, contractor, and Mr. and Mrs. Braden, that no liens should be entered by him, or his subcontractors or material-men.   If you believe there was such an agreement, then it is binding on the plaintiffs, and your verdict should be for the defendants ; if you find there was no such agreement, and find these other necessary facts in regard to the filing of the lien, then your verdict should be for the plaintiff." [3]

Verdict and judgment for defendants.   Plaintiffs appealed.

*Errors assigned* were (1) admission of evidence, quoting bill of exception, but not evidence; (2, 3) instructions, quoting them.

*T. F. Birch* and *John H. Murdock*, for appellants.—The plea was a negative one under which evidence could not be given: Pittsburgh v. Walter, 69 Pa. 367 ; 1 Trickett on Liens, § 7 ; Bodey v. Thackara, 143 Pa. 171 ; Bevan v. Thackara, 143 Pa. 182.   The contractor is the agent of the owner: 1 Trickett on Liens, § 19 ; Bassett v. Baird, 85 Pa. 384.   An agreement which is to defeat a statutory right should be incapable of misunderstanding, and if the material-man is to be presumed to know and be bound by the terms, the agreement should be such that he can ascertain exactly what it means: Cook v. Murphy, 150 Pa. 41 ; Murphy v. Morton, 139 Pa. 345.

*Albert S. Sprowls*, with him *John W. Donnan* and *M. L. A. McCracken*, for appellees.—Plaintiffs did not demur to defendant's plea.   It is error to reject an offer if the fact proposed to be proved is, in any aspect of the case, a competent one: Woodrow v. Blythe, 4 Penny. 196 ; Seely v. Garey, 109 Pa. 301.   The parol contract was sufficient to prevent the mechanics' liens: Schroeder v. Galland, 134 Pa. 277 ; Brown v. Cowan,

110 Pa. 588; Harlan v. Rand, 27 Pa. 511; Tebay v. Kirkpatrick, 146 Pa. 120. It was proper for the jury to say what the parol contract contained : McFarland v. Newman, 9 Watts, 59; Sidwell v. Evans, 1 P. & W. 386 ; Holmes v. Oil Co., 138 Pa. 546.

OPINION BY MR. JUSTICE STERRETT, November 11, 1892:

In view of the express purpose of the offer recited in the first specification, we are not prepared to say there was error in overruling plaintiff's objection thereto. The witness, then on the stand, had already testified that according to a specific provision of the owner's agreement with the contractor, the latter was to receive, in cash, $5,000, the full consideration for furnishing materials and erecting the house, and that no lien should be filed against the building either by said contractor or any subcontractor or material-man. In the language of Mr. Braden, the witness, " there were to be no liens of any character filed by Mr. Scott himself, or any subcontractor or any material-man under him; the house was to be finished by the first of November, 1889; the money was to be paid, six hundred dollars when the foundation was completed, a thousand dollars when the roof was on, a thousand dollars when the house was plastered, and the remaining twenty-four hundred dollars when the house was completed . . . . according to the specifications ; that was the contract, . . . and all of these matters were expressly stipulated and agreed upon by Mr. Scott and Mrs. Braden." The learned trial judge held that, in the circumstances, it was not incompetent for the witness to testify to what he did under the contract set up on behalf of the owner, for the purpose of showing that he acted consistently therewith. It does not appear that the plaintiffs were prejudiced in any manner by this ruling. What, if anything, the witness testified to under the offer, is not shown in the specification. Rulings on questions of evidence, without more, amount to nothing. The specification must not only show that the ruling complained of is erroneous, but also that testimony, prejudicial to the party complaining, was actually introduced under the erroneous ruling.

The second specification is, the refusal of the court to affirm plaintiffs' point recited therein, viz. : " To prevent material-men

having the benefit of a mechanics' lien, there must be an explicit contract in writing between the owners of the property and the original contractor, open to inspection of subcontractors and material-men, in which it is explicitly agreed that no liens of any character shall be filed on behalf of the contractor or material-men."

The court refused to affirm this proposition, saying: "It is not necessary that the contract should be in writing but it must be definite and explicit."

There was no error in this. It is settled law that the contractor's stipulation with the owner, that no liens shall be filed, is binding on subcontractors and material-men; that whenever, by the terms of his contract with the owner, the contractor himself has no right to file a lien, he cannot so deal with his subcontractors and material-men as to give them the right to do so: Schroeder v. Galland, 134 Pa. 277; Dersheimer v. Maloney, 143 Pa. 532; Tebay v. Kirkpatrick, 146 Pa. 120, and other cases. As was said in Brown v. Cowan, 110 Pa. 588, "it is the plain and obvious duty of one who deals with an alleged contractor to know the relation which he bears to the owner; failing in this, he furnishes labor and material at his peril." That duty can be properly discharged only by inquiring of the owner what the terms of agreement between him and the contractor are. If he fails to do so, he is visited with notice of every fact that such inquiry would have elicited. Whenever inquiry becomes a duty, and that duty is neglected, the negligent party is conclusively presumed to have had notice of such facts as reasonable inquiry would have disclosed.

In view of the instructions given to the jury, the logic of their verdict is that the stipulation against filing liens was part of the agreement between the contractor and the owner of the building; and it is fair to assume that the plaintiffs would have been so informed by her or her husband if they had made the necessary inquiry before they supplied the contractor with the materials for which the lien was filed.

The court rightly held it was not essential that the stipulation referred to "should be in writing, but it must be definite and explicit." The only portions of the contract that were in writing were the specifications, and the plans therein referred to. The contract price, time of completion, times of payment,

alleged stipulation against filing liens, etc., were all in parol. The jury must have found that a "definite and explicit" stipulation, such as claimed by the owner, was part of the contract.

There was no error in refusing to charge, as requested by plaintiffs, that under all the evidence the verdict must be in their favor; nor, was there any error in what was said by the learned judge in connection therewith.

Neither of the specifications is sustained.

Judgment affirmed.