# E. H. BENEDICT v. J. E. HOOD.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued April 4, 1890—Decided April 21, 1890.

1. Where, in the principal contract for the erection of a building, there is a stipulation that the contractor shall permit no liens to be filed against it, such stipulation will deprive a sub-contractor of the right to file a mechanics' lien: Schroeder v. Galland, ante 277.
2. If, after a contract with such a stipulation, a sub-contractor join in a guaranty of performance on the part of the contractor, the fact that alterations of the plans are subsequently made will have no effect upon the sub-contractor's right to file such lien.
3. That the sub-contractor did not sign his name at the foot of the guaranty, but wrote it in the blank left at the head thereof for the names of several obligors, is a good execution of the guaranty, and the same will be obligatory upon him as such.

Before STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 193½ January Term 1889, Sup. Ct.; court below, No. 4 December Term 1887, M. L. D., C. P. No. 2.

To the number and term of the court below, Edgar H. Benedict issued a scire facias, sur a mechanics' lien for plastering, against James E. Wood, owner, and Joseph C. Pharaoh, contractor. Issue.

At the trial, the plaintiff read in evidence the claim filed, showing the amount due thereon to be $352.55, and rested. The defendants then showed that the building, a stone house on a corner of Gowen avenue and Ardleigh street, at Mount

Airy, had been erected under a contract between Joseph C. Pharaoh, of the first part and James E. Hood, defendant, of the second part, dated November 9, 1886, wherein the said Pharaoh covenanted:

". . . . . to well and sufficiently furnished and provide, at his own cost and without delay, all necessary work and materials for, and to erect, construct, and fully complete, for the said party of the second part, a stone house . . . . . according and in all respects conforming with the plans and specifications," etc.

"And it is further agreed that the party of the first part will not at any time suffer or permit any lien, attachment, or other encumbrance, under any law of this state or otherwise, by any person or persons whatsoever, to be put or remain upon the building or premises into or upon which any work is done or materials are furnished under this contract, for such work and materials, or by reason of any other claim or demand against the party of the first part; and that any such lien, attachment, or other encumbrance, until it is removed, shall preclude any and all claim and demand for any payment whatsoever under or by virtue of this contract. . . . .

"And further, the last instalment shall not be payable, unless, in addition to the architect's certificate, a full release of all claims and liens against the said building and its appurtenances and the said lot of ground, for all work done and all materials furnished in or about the construction and erection of said building, has been delivered by the party of the first part, and unless the architect shall certify that all damages or allowances which should be paid or made by the party of the first part have been deducted from the said instalment, and also a certificate from the party of the first part that all claims or demands for extra work or otherwise under or in connection with this contract have been presented to the architect. . . . .

"The payment shall be made by the party of the second part in instalments, when and in the amounts approved by the architect: Provided, That no instalment shall be less than three hundred dollars, and that a margin of twenty per cent shall always remain for the final instalment; that is, there shall at all times be at least twenty per cent of the work done which is unpaid for.   And the sub-contractors, mechanics, and material-

men, except those who have executed the bond of Joseph C. Pharaoh, as sureties for this contract, shall first give a release of lien for all work done and material supplied by them up to date of such payment."

Appended to the foregoing contract was the following guaranty:

"We, Edgar H. Benedict, Plasterer, 1933 Girard Avenue; Henry J. Keeler, Painter, 1749 Beechwood Street; T. H. Truitt, Plumbing and Gas-Fitting, 1809 Ridge Avenue, for and in consideration of the foregoing covenants and agreements made on the        day of November, 1886, by the said James E. Hood, with our sanction, and at our request, and in the further consideration of one dollar unto us paid by the same James E. Hood at the time and execution hereof, the receipt of which we hereby acknowledge, do jointly and severally for ourselves, and for our and each of our heirs, executors, administrators, and assigns, guarantee and become responsible to the said James E. Hood, without proceedings or suit first brought against the said Joseph C. Pharaoh, for the faithful performance of all covenants and agreements therein contained, to be kept and performed by the said Joseph C. Pharaoh, the party of the first part to this agreement."

This guaranty was signed and sealed by Keeler and others, but not by the plaintiff, whose name appeared in the body of it.

In rebuttal, the plaintiff testified that he did not remember signing the bond; that his name at the head of it looked like his handwriting, and he would not swear his name in the bond was not his writing. Plaintiff also adduced testimony that after the building was begun certain alterations were made in the plans, for which Hood agreed to pay $1,540, increasing the cost of the house from $5,225 to $6,765, and that Hood had waived the provisions of the contract requiring the contractor to produce releases from sub-contractors before making certain payments to the contractor on account of the work; and the plaintiff testified that he never was advised that the contract was to be changed, or modified, nor was he asked to agree to any change in the plans. Mr. Hood, called by the plaintiff on cross-examination, testified that he had paid Pharaoh $5,473.86, and when that sum was paid he had a retained percentage of $1,353 in his hands.

The trial judge charged the jury, inter alia, as follows:

[If alterations were made in the contract, materially increasing the cost of the building, without the consent and acquiescence of the plaintiff, and tending to disable the contractor Pharaoh from fulfilling the contract as originally made, then the sureties were released and the plaintiff may recover in this action.] [1]

I have been asked by the plaintiff's counsel to charge as follows:

7. That if the jury believe that the defendant Hood failed to require of his builder Pharaoh releases of liens from his various sub-contractors for all work done and materials supplied, as required by the contract, before making to Pharaoh payments on account as the work progressed, then the sureties were released, and no default by Pharaoh can be set up against the claim in this case.

Answer: If the jury find that, had the defendant demanded releases before paying, the liens which now encumber the building would not have been filed or would have been discharged, and that a sufficient sum would have remained due on the contract to satisfy the plaintiff's claim, the point is applicable and is affirmed. [2]

—The jury returned a verdict for the plaintiff for $399.52. Judgment having been entered, the defendant Hood took this appeal, assigning for error: 1. The charge to the jury embraced in [ ] [1]  2. The answer to defendant's point. [2]

*Mr. Francis I. Gowen*, for the appellant.

That the plaintiff was not entitled to file a mechanics' lien and recover thereon, counsel cited: Barclay v. Wainwright, 86 Pa. 191; Given v. Bethlehem Church, 11 W. N. 371; Long v. Caffrey, 93 Pa. 526.

*Mr. Frank L. Lyle* (with him *Mr. Abraham M. Beitler*), for the appellee.

Counsel cited: DeColyar on Guaranty, 278; 3 Addison on Contracts, Am. L. S., 65; Brez v. Warner, 9 W. N. 45.

OPINION, MR. JUSTICE GREEN:

We have just decided, in the case of Schroeder v. Galland,

ante, 277, that a stipulation that no liens shall be filed, in a contract between the owner and builder, is obligatory upon sub-contractors, and deprives them of the right to file a lien against the building. That decision is applicable to the present case, and controls it. There is here the added circumstance that the sub-contractor joined in a bond with other sub-contractors to the owner, conditioned for the faithful performance, by the principal contractor, of all the covenants and agreements of the original contract. One of those covenants was that the principal contractor would not suffer or permit any lien to be filed against the building. The plaintiff, who was a sub-contractor, did not sign his name at the foot of the bond, but he wrote his name in the blank left at the head of the bond for the names of the obligors, and this was a good execution as to him. The fact that subsequent alterations in the plan of the building were made by the owner and builder, is of no consequence as to the question of the right of the plaintiff to file a lien. The fact of his joining in the bond was proof conclusive that he had notice of the contents of the principal contract and agreed to the performance of all its terms. As one of these terms provided that no lien should be filed, he became subject to that condition, and he must be held to have waived his right to any lien. But, apart from that consideration, the opinion in Schroeder v. Galland decides that he had no right of lien in any event, because the original contractor had none by the terms of his contract.

Judgment reversed.