## Loyd & Co. *v.* Krause & Sons, Appellants.

*Mechanics' liens—Contracts—Stipulations as to liens.*

A building contract contained the following stipulation: "Neither shall there be any legal or lawful claims against the party of the first part, in any manner, from any source whatever, for work or materials furnished on said work." It was also provided that the last payment should not be made until "a complete release of liens shall have been furnished by the party of the first part." The party of the first part was the builder. *Held,* that the contract contemplated that liens might be filed and that a subcontractor was not prevented from filing them.

Argued Jan. 13, 1892. Appeal, No. 182, July T., 1891, by defendants, from order of C. P. No. 1, Phila. Co., Dec. T., 1890, No. 642, M. L. D., making absolute a rule for judgment for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias sur mechanics' lien filed by a subcontractor.

The affidavit of defence set forth a contract between the builder and owner, the material portions of which appear in the opinion of the Supreme Court.

*Error assigned* was the order of the court making absolute the rule for judgment.

*Charles Davis, Matthew Dittmann* with him, for appellants, cited Schroeder v. Galland, 134 Pa. 277; Benedict v. Hood, 134 Pa. 289; Bevan v. Thackara, 48 Leg. Int. 439; Dersheimer v. Maloney, 48 Leg. Int. 536.

*Charles E. Morgan,* of *Morgan & Lewis,* for appellees, cited Murphy v. Morton, 139 Pa. 345.

OPINION BY MR. JUSTICE GREEN, February 15, 1892.

It is very clear that the contract between the owners and the builder in this case, does not come within the ruling in Schroeder v. Galland, and the cases which have followed it. The clause in the second section of the contract, which is relied upon by the appellants, is in these words : " Neither shall there be any legal or lawful claims against the party of the first part, in any manner, from any source whatever, for work or materials furnished on said work." These words do not contain any stipulation that there shall be no mechanics' liens filed against the building, nor that the building shall be delivered to the owner free from any liens or encumbrances. On the contrary, in the preceding part of the same section of the contract, there is a provision that the last payment of the contract price need not be made until " a complete release of liens shall have been furnished by the party of the first part." As this part of the contract evidently contemplates that liens may be filed, and provides a method by which the owner may protect himself against them, by withholding the money from the builder until they are released, it cannot be contended that it is the necessary meaning of the contract that there were none to be filed in any event. Moreover, the last clause of the section above quoted literally applies to claims against the party of the *first* part, who was the builder, and we have not the right to change it to party of the *second* part, who were the owners, upon anything that is now before us on the record. But, even if the owner was intended, instead of the builder, it would not help the case, because it would be then a mere stipulation that there should be no personal liability of the owner, and not of the property of the owner, for work or materials furnished. The property of the owner is not referred to or mentioned in the restrictive words, and, as there is no personal liability of the owner under the law, the words are simply nugatory.

Judgment affirmed.