## Evans v. Grogan et al., Appellants.

*Mechanics' liens—Contract—Right to file liens.*

An express promise of a contractor to release and discharge the property from the operation of all liens, either for materials furnished or work done in the construction of the same, is not a sufficient stipulation to preclude the filing of liens.

A building contract provided that when the last payment was made, the contractor should furnish a clear release of liens. It was also provided that, if at any time there should be any lien or claim for which if established the owner might be made liable, the owner should have the right to retain out of any payment an amount sufficient to completely indemnify him against such lien or claim until the same be satisfied, discharged or canceled; and it was further provided that "the contractor shall refund to the owner all monies that the latter may be compelled to pay in discharging any lien on the premises." *Held,* that there was nothing in the contract to prohibit the filing of liens.

Submitted Nov. 2, 1892. Appeal, No. 161, Oct. T., 1892, by defendants, John G. Grogan et al., from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1891, No. 209, for plaintiffs, Evans, Cunningham & Jones, on case stated. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias sur mechanics' lien. Case stated. From the case stated it appeared that plaintiffs furnished to Matthias Wagner, the contractor, materials used in the construction of three dwelling-houses belonging to defendant. The material portions of the contract between Wagner and defendant appear by the opinion of the Supreme Court.

The court, in an opinion by MAGEE, J., entered judgment for plaintiffs on the case stated. Defendant appealed.

No assignments of error appear in appellant's paper book.

*Thomas M. Marshall,* for appellants, cited Schroeder v. Galland, 134 Pa. 277; Brown v. Cowan, 110 Pa. 588; Bevan v. Thakara, 143 Pa. 182; Dersheimer v. Maloney, 143 Pa. 532; Bolton v. Hey, 23 Atl. R. 973; 148 Pa. 156.

*George N. Monro* and *W. H. Lemon,* for appellees, cited Taylor v. Murphy, 1 Adv. R. 540 [148 Pa. 337].

PER CURIAM, January 3, 1893:

This case was submitted upon the paper books without an oral argument. The question to be decided is, whether the mechanics' liens, filed by the plaintiffs against defendants, can be maintained under the covenants of the articles of agreement entered into by and between John Grogan, owner, and Mathias Wagner, contractor, on the 9th of August, 1890, for the erection of the building against which the mechanics' liens in dispute had been filed.

An examination of the case stated fails to disclose any covenant on the part of the contractor that no lien shall be filed against the building. Nor does it show anything from which such covenant results by necessary implication. By the agreement in question the owner was to pay $1,075 to the contractor when the building is under roof. The balance of $1,075 to be paid when the work is wholly finished and accepted to the full satisfaction of the architects. The contractor, at such time, was to furnish a clear release of liens. The agreement further provides that if at any time there should be any lien or claim for which, if established, the owner might be made liable, in such case the owner shall have the right to retain out of any payment an amount sufficient to completely indemnify him against such lien or claim until the same be satisfied, discharged or canceled, and it was further provided, that " The contractor shall refund to the owner all monies that the latter may be compelled to pay in discharging any lien on the premises."

There is not a word here to prohibit the filing of liens. At most, there is a provision that in case they are filed, the contractor shall clear them off before the owner can be called upon for payment. This is the law of the case apart from the agreement.

The case is ruled by Taylor v. Murphy, and Taylor v. Williams, decided last April, not yet reported in the State Reports, [148 Pa. 337,] in which it was held that the express promise of the contractor to release and discharge the said house from the operation of all liens, either for materials furnished or work done in the construction of the same, is not a sufficient stipulation to preclude the filing of liens.

What was meant to be decided in Schroeder v. Galland, 134

Pa., 277, was, that where the agreement between the owner and contractor contains an express covenant not to file a lien, or where such covenant appears by necessary implication, neither the contractor nor his subcontractor is entitled to file a lien.

Judgment affirmed.