## Murphy et al. v. Ellis et al., Appellants.

*Mechanics' liens—Contract—Covenant against liens.*

A building contract provided that the contractor should " in a good and workmanlike manner, well and substantially erect, build, set up, finish and deliver to the said party of the first part, free and discharged of all claims, liens of mechanics and material men, and all charges whatsoever . . . . one brick dwelling house on the lot described." It was further provided that the last payment should be made " when the building is finished in every particular and accepted as such by the owner and her architect and when the said party of the second part satisfies the party of the first part by securing releases from all subcontractors, material men, etc., that there are no outstanding claims against the building." *Held,* that there was no express covenant against liens in the contract, nor any such implied covenant as to deprive subcontractors of their rights to lien the building.

Argued Nov. 1, 1892.   Appeal, No. 142, Oct. T., 1892, by defendants, Mary E. Ellis et al., from judgment of C. P., No. 2, Allegheny Co., Oct. T., 1890, No. 500, on verdict for plaintiffs, H. Murphy et al.   Before PAXSON, C. J., WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias sur mechanics' lien.

At the trial, before EWING, P. J., it appeared that by a building contract entered into by Mary E. Ellis, owner, and O. L. Schultz, contractor, it was provided that the latter should "in a good and workmanlike manner, well and substantially erect, build, set up, finish and deliver to the said party of the first part, free and discharged of all claims, liens of mechanics and material men, and all charges whatsoever . . . . one brick dwelling house on the lot described."   For which the party of the first part agrees to pay the sum of $6,220.50 ; and the last and final payment of $2,920.50 to be made " when the building is finished in every particular and accepted as such by the owner and her architect, and when the said party of the second part satisfies the party of the first part by securing releases from all subcontractors, material men, etc., that there are no outstanding claims against the building."

Defendant's point was as follows :

" 2. Under the pleadings and evidence in the case the verdict must be for defendants.  *Answer :* Refused pro forma.  The question is reserved."

Verdict for plaintiff. The court subsequently entered judgment on the verdict in favor of plaintiffs upon the question of law reserved, in an opinion by EwING, P. J., 1 Dist. R. 397.

*Error assigned,* inter alia, was entry of judgment on verdict.

*Chas. P. Orr, Thomas C. Lazear* with him, for appellants, cited cases considered in preceding case.

*J. McF. Carpenter,* for appellees, cited Murphy v. Morton, 139 Pa. 345; Lloyd v. Krause, 29 W. N. 429 [147 Pa. 402].

PER CURIAM, February 13, 1893:

There was no express covenant against liens in the building contract in this case, nor do we think there was any such implied covenant as to deprive the plaintiffs of their right to lien the building. The whole subject is fully discussed in Nice v. Walker, decided herewith [the preceding case]. That case rules this.

Judgment affirmed.