# Samuel J. Creswell Iron Works, Appellant, *v.* O'Brien.

*Mechanic's lien—Covenant against liens—Contract.*

A subcontractor cannot be deprived of his right to lien except by an express covenant against liens by either contractor or subcontractor, or such a covenant so clearly implied that the mechanic or material man cannot fail to understand it.

A building contract contained a covenant that the contractor " will not suffer or permit any lien by any person or persons whatsoever, to be put or remain upon the building, and that any such lien until it is removed shall preclude any and all claim and demand for any payment whatsoever under or by virtue of this contract," and further that the last installment shall not be payable unless in addition to the architect's certificate " a full release of all claims and liens for all work done and all materials furnished " has been delivered by the contractor. *Held*, that the subcontractor was not deprived of his right to file a lien.

Benedict v. Hood, 134 Pa. 289, explained and qualified.

Argued March 21, 1893. Appeal, No. 187, Jan. T., 1893, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1890, No. 746, in favor of defendants, Francis A. O'Brien, owner, and Thomas A. Ash, contractor, notwithstanding verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Mechanic's lien for ironwork.

The contract contained the following covenants:

" And it is further agreed that the party of the first part will not at any time suffer or permit any lien, attachment, or other incumbrance, under any law of this state or otherwise, by any person or persons whatsoever, to be put or remain upon the building or premises into or upon which any work is done or materials furnished under this contract, for such work or materials, or by reason of any other claim or demand against the party of the first part ; and that any such lien, attachment or other incumbrance, until it is removed, shall preclude any and all claim and demand for any payment whatsoever under or by virtue of this contract.

" And further, the last installment shall not be payable, unless in addition to the architect's certificate a full release of all claims and liens against the said building and its appurtenances and the said lot of ground for all work done and all materials

furnished in or about the construction and erection of said three story brick building, pavements, etc., as drawn, specified and agreed to be done, has been delivered by the party of the first part, and unless the architect shall certify that all damages or allowances which should be paid or made by the party of the first part have been deducted from the said installment, and also a certificate from the party of the first part that all claims or demands for extra work or otherwise under, or in connection with this contract, have been presented to the architect and owner."

Verdict for plaintiff, subject to the question reserved as to whether plaintiff was entitled to recover. Judgment for defendant non obstante veredicto.

*Error assigned* was entry of judgment as above.

*Joseph deF. Junkin,* for appellant, cited: Murphy v. Morton, 139 Pa. 345; Lloyd v. Krause, 29 W. N. 429; Nice v. Walker, 31 W. N. 522.

*John Dolman,* for appellee, cited: Benedict v. Hood, 134 Pa. 292; Murphy v. Morton, 139 Pa. 345; Lloyd v. Krause, 29 W. N. 429.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893:

The learned court below entered judgment for defendant on the point reserved, on the authority of Benedict v. Hood, 134 Pa. 289. The contracts in that case and in this, so far as relates to the filing of liens, are substantially the same, but there was in that case an additional feature in the fact that the plaintiff, a subcontractor, was surety for the faithful performance by the contractor of his covenants, one of which was that he would not suffer any liens to be filed. The case therefore was rightly decided on the ground of waiver by the plaintiff of his right to any lien, and it is on this ground only that it can be sustained in the face of more recent and fuller adjudications.

By these it has been established clearly that stipulations for a release of liens before final payment of the contractor, or that there shall be no legal or lawful claims against the owner in any manner, from any source whatever, for work or materials

furnished, and similar provisions, will not deprive a subcontractor of his right to lien. That result can only be attained by an express covenant against liens by either contractor or subcontractor, or such a covenant so clearly implied that the mechanic or material man cannot fail to understand it. If the contract is fairly and reasonably susceptible of any other construction, it will not debar a lien: Murphy v. Morton, 139 Pa. 345; Moore v. Carter, 146 Pa. 492; Lloyd v. Krause, 147 Pa. 402; Nice v. Walker, 153 Pa. 123.

In the present case the covenant is that the contractor " will not suffer or permit any lien . . . . by any person or persons whatsoever, to be put or remain upon the building . . . . and that any such lien . . . . until it is removed shall preclude any and all claim and demand for any payment whatsoever under or by virtue of this contract," and further, " the last installment shall not be payable unless in addition to the architect's certificate, a full release of all claims and liens . . . . for all work done and all materials furnished " has been delivered by the contractor. The contract must be interpreted according to the intention of the parties, and the fair construction of this is that the intention was to protect the owner not by the absolute prohibition of liens, but by providing for their payment by the contractor, and in default of his doing so the stoppage of his own pay. There is no sufficient language in the covenant to indicate that the parties meant, even if they knew of their power, to prevent absolutely the filing of any lien. On the contrary the possible filing of liens is recognized and their validity is not disputed, but a penalty is put upon the contractor for suffering them to remain. The reasoning of our brother GREEN in Lloyd v. Krause, supra, seems exactly applicable, " as this part of the contract evidently contemplates that liens may be filed, and provides a method by which the owner may protect himself against them, by withholding the money from the builder until they are released, it cannot be contended that it is the necessary meaning of the contract that there were none to be filed in any event."

The contract in this case therefore falls short of the standard established by Nice v. Walker, 153 Pa. 123, the latest case on the subject, in which the rule was maturely considered, and intended to be settled finally : Benedict v. Hood, supra, as al-

ready said, was rightly decided on its own facts, but so far as anything there said conflicts with the views now expressed it is overruled.

Judgment reversed and judgment entered for plaintiff on the verdict.