## Lucas, Appellant, *v.* O'Brien et al.

*Mechanic's Lien—Contract—Subcontractor.*

A mechanic's lien may be filed by a subcontractor where the contract provides "that the party of the first part will not at any time suffer or permit any lien, attachment, or other incumbrance, under any law of this state or otherwise, by any person or persons whatsoever to be put or erected upon the building or premises in which, or upon which, any work is done, or materials are furnished under this contract for such work and materials, or by reason of any other claim or demand against the party of the first

part, and that any such lien, attachment, or other incumbrance, until it is removed, shall preclude any and all claim and demand for any payment whatsoever under or by virtue of this contract." Cresswell Iron Works v. O'Brien, 156 Pa. 172, applied.

Argued Jan. 17, 1894.    Appeal, No. 88, Jan. T., 1894, by plaintiff, John Lucas, trading as John Lucas & Co., from judgment of C. P. No. 4, Phila. Co., March T., 1891, No. 205, non obstante veredicto, for defendant, Francis O'Brien, owner, and Thomas A. Ash, contractor.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.

Scire facias sur mechanic's lien.

At the trial it appeared that the contract between the owner and contractor contained the following clause :

" And it is further agreed that the party of the first part will not at any time suffer or permit any lien, attachment or other incumbrance, under any law of this state or otherwise, by any person or persons whatsoever, to be put or remain upon the building or premises into or upon which any work is done or materials are furnished under this contract for such work and materials, or by reason of any other claim or demand against the party of the first part, and that any such lien, attachment or other incumbrance until it is removed shall preclude any and all claim and demand for any payment whatsoever under or by virtue of this contract."

Verdict for plaintiff subject to the question reserved whether under the contract plaintiff was entitled to recover.    The court subsequently entered judgment for defendants non obstante veredicto.

*Error assigned* was entry of judgment as above.

*John J. Wilkinson, John Sparhawk, Jr.,* and *N. Dubois Miller* with him, for appellant, cited : Cresswell Iron Works v. O'Brien, 156 Pa. 172.

No argument offered or paper-book filed for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 29, 1894:
This case is ruled, in favor of the plaintiff, by Cresswell Iron

Works v. O'Brien, 156 Pa. 172.   The contract in this case is substantially if not precisely the same as in that, and is not susceptible of any other construction.   For reasons given in that case, the court below erred in entering judgment for defendant non obstante veredicto.

Judgment reversed, and judgment now entered on the verdict in favor of the plaintiff for four hundred and sixty-nine dollars and seventy cents, the amount found by the jury, with interest from date of the verdict,