## Fidelity Mut. Life Assn , Appellant, *v.* Newton Jackson.

*Mechanic's lien—Contract against liens.*

A building contract contained the following clause : " The party of the second part agrees that he will keep the lot and building'free from mechanics' liens, and any and all manner of charges." *Held,* that the words of the clause were the full equivalent of a contract not to file, or permit to be filed, by any person, any lien or charge whatever.

Argued April 25, 1894.    Appeal, No. 476, Jan. T., 1894, by plaintiff, from order of C. P. Cumberland Co., May T., 1893, No. 245, dismissing exceptions to report of auditor.    Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to report of E. W. Biddle, Esq., auditor distributing proceeds of sheriff's sale.  Before SADLER, P. J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were, dismissal of exceptions and entry of decree of distribution, quoting them.

*James W. Eckels,* for appellant, cited : Schroeder v. Galland, 134 Pa. 277 ; Evans v. Grogan, 153 Pa. 122 ; Iron Works v. O'Brien, 156 Pa. 174 ; Nice v. Walker, 153 Pa. 123 ; Com. v. Curtis, 9 Allen, 271 ; Cowley v. People, 83 N. Y. 471 ; Schied v. Rapp, 121 Pa. 593 ; Ballman v. Heron, 160 Pa. 377.

*J. W. Wetzel,* for appellee, cited : Evans v. Grogan, 153 Pa. 121 ; Murphy v. Ellis, 153 Pa. 133 ; Iron Works v. O'Brien, 156 Pa. 172 ; Lucas v. O'Brien, 159 Pa. 535 ; Nice v. Walker, 153 Pa. 123.

OPINION BY MR. JUSTICE GREEN, July 12, 1894 :

This is an appeal from the decree of the court below making distribution of the proceeds of the sale of the real estate of Newton Jackson.    The question at issue is as to the right to file liens of certain mechanic's lien creditors, who furnished work and materials to one James Porter, who was the princi-

pal contractor, for the erection of certain buildings on the premises sold by the sheriff. The contract between the owner and the principal contractor was an ordinary building contract and contained the following provisions : " The party of the second part agrees that he will keep the lot and building free from mechanics' liens and any and all manner of charges." The auditor and court below held that this language precluded the principal contractor from filing any lien, and his lien was rejected from the distribution. But they also held that there was nothing to prevent subcontractors from filing liens, because it might be reasonably concluded that the parties meant by the foregoing language that if subcontractors should file liens, the principal contractor should remove them, and therefore that the case was brought within the rulings in Nice v. Walker, 153 Pa. 123, and Creswell Iron Works v. O'Brien, 156 Pa. 172. We cannot agree to this conclusion. The language of the clause in question, as we understand it, is absolute, and means just what it says, that the contractor shall " keep the lot and building free from mechanics' liens and any and all manner of charges." That is, the lot and building shall be free at all times from mechanics' liens and any kind of charges. The lot and building would not be kept free from such incumbrances if they could be imposed at any time. They are to be *kept* free, and that condition could not be maintained if the liens were allowed to be filed and maintained during a continuous period and only released at the completion of the building, or some other indefinite time. If they are to be *kept* free they must by necessity be free all the time. It is very plain therefore that the words of the clause in question are the full equivalent of a contract not to file, or permit to be filed, by any person, any lien or charge whatever. This brings the case directly within Schroeder v. Galland, 134 Pa. 277 ; Benedict v. Hood, 134 Pa. 289, and other kindred cases, and especially Ballman v. Heron, 160 Pa. 377, and it is entirely consistent with everything contained in Nice v. Walker, 153 Pa. 123.

The cases of Evans v. Grogan, 153 Pa. 121 ; Murphy v. Ellis, 153 Pa. 133 ; Creswell Iron Works v. O'Brien, 156 Pa. 172, and Lucas v. O'Brien, 159 Pa. 535, are all cases in which the provisions of the contract were consistent with a privilege on the part of a subcontractor to file a lien, and contained

nothing exclusive of such a right. They are therefore inapplicable to the present case, where the express words of the contract are in entire hostility to any such right. It follows that the claims of the mechanics' lien creditors in this case must be postponed to that of the appellant.

The decree of the court below is reversed and the record is remitted with instructions to distribute the fund in accordance with this opinion at the cost of the appellees.