## John Sullivan v. George W. Hancock, Owner, Appellant, and Henry Close, Contractor.

*Mechanic's lien—Contract against lien—Rule of construction.*

A contract between owner and contractor must be interpreted according to the intention of the parties and, when the fair construction of the contract is that the intention was to protect the owner, not by the absolute prohibition of liens, but by providing for their payment by the contractor, and in default of his so doing by stoppage of his own right to lien, the right of the subcontractor to lien is not defeated.

*Mechanic's lien—Building contract—Effect of same as notice.*

The construction known only to themselves which an owner and contractor may have put upon a written building contract cannot be set up to defeat the lien of a material-man who has a right to presume that the writing fully expressed their intention.

Argued Oct. 6, 1896. Appeal, No. 2, Nov. T., 1896, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T.,

1895, M. L. D., No. 918, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Sci fa. sur mechanic's lien.

This was an amicable sci. fa. issued on a mechanic's lien claim for material alleged to have been furnished to houses which Henry Close was erecting for George W. Hancock, under contract of March 30, 1895. The affidavit of defense set up that Hancock had already paid out more than the amount of the contract price together with the liabilities he had contracted on account thereof.

The contract between Hancock and Close contained the following clause :

" And it is further agreed that the party of the first part will not at any time suffer or permit any lien, attachment or other incumbrance under any law of this state or otherwise, by any person or persons whatever, to be found or remain on the building or premises into or upon which any work is done or material furnished under this contract for such work or material, or by reason of any other claim or demand of the party of the first part, and that any such lien or attachment or other incumbrance, until it is removed, shall preclude any or all claim or demand for any payment whatever under or by virtue of this contract."

The affidavit also contains the following averment.

That it was agreed between this affiant and Close that neither he nor any subcontractors were to be permitted to file any liens against the premises in question. That such a clause was drafted by counsel for this affiant, and given to this affiant's clerk to copy, who erroneously wrote in the word " found," for " put," which was intended to be inserted in the contract by both the parties thereto. That the insertion of the word " found " was a mutual mistake, and does not express the intention of the parties, which was that no lien should be filed.

*Error assigned* was entering judgment for want of a sufficient affidavit of defense.

*Henry J. Hancock*, for appellant.—The contract set up is almost in the words of Benedict v. Hood, 134 Pa. 289, except

that the word " put " was intended to be used in the place of
" found." As to the mutual mistake averred in the affidavit of
inserting the word " found " for " put," see Real Est. Title
Co.'s App., 125 Pa. 549. The affidavit also set up a verbal con-
tract that no liens should be filed, as was the case in McElroy
v. Braden, 152 Pa. 78. See also Nice v. Walker, 153 Pa. 123.
The cause relied on prevented the filing of liens. Wilkinson
v. Price, 148 Pa. 153; Fidelity Life Ass'n v. Jackson, 163 Pa.
208; Evans v. Grogan, 153 Pa. 121; Murphy v. Ellis, 153 Pa.
133; Creswell Iron Works v. O'Brien, 156 Pa. 172; Lucas v.
O'Brien, 159 Pa. 535; McMaster v. The Normal School, 162
Pa. 260; Waters v. Wolf, 162 Pa. 153; McElroy v. Braden,
152 Pa. 78; Schmidt v. Improvement Co., 162 Pa. 211.

*Alex. Simpson, Jr.,* for appellee.—It is difficult to see how the
court can decide this case without either the affidavit or supple-
mental affidavit of defense appearing in appellant's paper-book.
It is more difficult to understand how they are going to decide
it favorably to appellants, on the allegation that the written con-
tract between the owner and principal contractor does not con-
tain clauses appearing in cases cited by appellants, when neither
of the affidavits, even if printed, would show whether or not
such clauses do appear, only one clause of the contract being in
fact embodied in either affidavit.—itself a fatal defect under
Erie City v. Butler, 120 Pa. 374.

Whatever may be said of the earlier decisions on this ques-
tion—and it would be a waste of time to follow counsel in the
citation of them—the law on the subject is now settled against
appellant.

A sufficient proof of this will appear by taking the language
construed in Creswell Iron Works v. O'Brien, 156 Pa. 172, and
Lucas v. O'Brien, 159 Pa. 535.

Appellee's duty when he was requested to furnish material
for this building, was simply to inquire what the effect was
between the owner and the principal contractor; and he is af-
fected only with notice of what the inquiry would have elicited :
McElroy v. Braden, 152 Pa. 78.

OPINION BY RICE, P. J., November 9, 1896 :
If the clause in the contract on which the defendant relies

were amended by substituting the word " put " for the word " found," so as to make it conform to the original draft prepared by his counsel, it would be in the precise language the parties intentionally adopted to express their agreement, and would be the same, with the exception of one or two immaterial verbal differences, as the provision construed in Cresswell Iron Works v. O'Brien, 156 Pa. 172, and Lucas v. O'Brien, 159 Pa. 535. " The contract," said Justice MITCHELL in the first mentioned case, " must be interpreted according to the intention of the parties, and the fair construction of this is that the intention was to protect the owner, not by the absolute prohibition of liens, but by providing for their payment by the contractor, and in default of his doing so the stoppage of his own pay."

There was an additional clause in the contract construed in that case, which, it is argued, distinguishes it from the present. Whether or not it is in the contract referred to, but not set forth at length, in this affidavit of defense, as it ought to have been, is left wholly to inference. But assuming that it is not, the result must be the same. This additional clause did not make the intention of the parties as to the filing of liens clearer than it would have been without it. The construction of the two contracts must be the same. There is nothing to distinguish them : Lucas v. O'Brien, supra.

The construction, known only to themselves, which the owner and the contractor placed on the language deliberately chosen to express their intention, cannot be set up to defeat the lien of a material-man. Granted that they need not have put the stipulation concerning liens, in writing, yet having done so, he was only affected with notice of what the writing contained. He had a right to presume that it fully expressed their intention. He could not be debarred of his lien except by an express covenant or by one so clearly implied that he could not fail to understand it. Hence it is no defense to allege that in the preliminary negotiations the parties agreed that a clause prohibiting liens should be inserted in the contract, if the clause actually inserted did not have that effect.

Judgment affirmed.