L. M. Morris, Appellant, *v.* Isabella Ross, Owner or reputed Owner, and George Doherty, trading as Doherty Brothers, Contractors.

[Marked to be reported.]

*Mechanics' liens—Prohibition against liens—Contract.*

Where a building contract provides that " no lien shall be filed against the building by either the contractor or the subcontractor," but in a prior paragraph had provided that before each payment, if required, the contractor shall give good and sufficient evidence that the premises are free from all liens and claims chargeable to the said contractor, and that " the owner shall have the right to retain out of any payment due . . . . an amount sufficient to completely indemnify him against such lien or claim," a subcontractor cannot enforce a lien for materials.

Argued Nov. 4, 1897. Appeal, No. 160, Oct. T., 1897, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1895, No. 463, on verdict for defendants. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mechanic's lien. Before STOWE, P. J.

At the trial it appeared that the plaintiff had filed a lien as a subcontractor for materials furnished to a building built by Doherty Brothers as contractors for Isabella Ross. The contract for the building, in one paragraph, provided that "no lien shall be filed against the building by the contractor or subcontractor," but in a prior paragraph had provided as follows:

"It being understood that the final payment shall be made within sixty days after this contract is completely finished, provided that in each of the said cases the architect shall certify in writing that all the work, upon. the performance of which the payment is to become due, has been done to his satisfaction; and provided further that before each payment, if required, the contractor shall give the architect good and sufficient evidence that the premises are free from all liens and claims chargeable to the said contractor, and that all claims for materials furnished to, and work done upon said building, have been paid; and further, that if at any time there shall be any lien or claim for which, if established, the owner of the said premises might be made liable, and which would be chargeable to the said contractor, the owner shall have the right to retain out of any payment then due, or thereafter to become due, an amount sufficient to completely indemnify against such lien or claim, until the same shall be effectually satisfied, discharged or canceled. And should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises, made obligatory in consequence of the former's default."

The court gave binding instructions for defendants.

Judgment and verdict for defendants. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*S. B. Schoyer,* with him *S. Schoyer, Jr.,* and *William Kauffman,* for appellant.—Where the building contract recognizes the possibility of a lien being filed, and at the same time makes a provision by which the owner can protect himself against liability on the lien, by permitting him to withhold payments when they become due, until he has been fully satisfied either that no liens have been filed, or that if filed, they have been fully discharged and canceled, then the right to file a lien remains : Lloyd & Co. v. Krause &. Sons, 147 Pa. 402; Nice v. Walker, 153 Pa. 128; Evans v. Grogan, 153 Pa. 121; Murphy v. Ellis, 153 Pa. 133; Smith v. Levick, 153 Pa. 522; Creswell Iron Works v. O'Brien, 156 Pa. 172; Lucas v. O'Brien, 159 Pa. 535;

Howarth v. Church, 162 Pa. 17; Schmid v. Imp. Co., 162 Pa. 211; Rynd v. Pittsburg Natatorium, 173 Pa. 237; Gannon v. Church, 173 Pa. 242.

*J. H. Beale*, with him *W. F. McCook*, for appellees.—The contract expressly prohibited the filing of liens : Nice v. Walker, 153 Pa. 128.

OPINION BY MR. JUSTICE GREEN, January 3, 1898 :

The present proceeding is a scire facias upon a mechanic's lien, filed by the plaintiff, as subcontractor, against the owner and contractor. The contract between the owner and contractor contained the following provision, "No lien shall be filed against the building by either the contractor or subcontractors." This is an express, positive provision against any liens by either the contractor or subcontractor, and is without any qualification or condition whatever. That it is binding on both the contractor and subcontractor ever since the case of Schroeder v. Galland, 134 Pa. 277, under all the decisions is not, and cannot be denied. It is not contended by the appellant that it would not be binding on the plaintiff if it stood alone in the contract. But it is argued with much force and earnestness, that because there is another clause in the contract which, if it stood alone, would be consistent with a right to file liens, there is a repugnance between the two clauses which avoids the positive prohibition against any lien. If the basis of the argument were sound it would not at all follow that the prohibitory clause would be avoided, but we do not consider that there is any repugnance between the two clauses. The contention of the appellant is founded upon those decisions which had been made by this Court, where the contract did not contain any positive prohibition against any lien, but only a provision of a character similar to the one contained in the present contract, providing for a release of all liens. Where such was the case the inference is that the parties contemplated the filing of liens and provided for their release. Such an inference would naturally arise where the provision was of the character indicated, and provided only for the discharge or release of liens. Of this class of cases are Loyd v. Krause, 147 Pa. 402 ; Nice v. Walker, 153 Pa. 128 ; Evans v. Grogan, 153 Pa. 121 ; Murphy v. Ellis, 153 Pa.

133; Smith v. Levick, 153 Pa. 522. In all of these, instead of there being an absolute prohibition of any lien there was substantially a provision for the extinguishment of liens. In none of these was there a positive prohibition. In the case of Life Association v. Jackson, 163 Pa. 208, where the contract was that the contractor should "keep the lot and building free from mechanics' liens," we commented upon the distinction between the cases thus, "The cases of Evans v. Grogan, 153 Pa. 121, Murphy v. Ellis, 153 Pa. 133, Creswell Iron Works v. O'Brien, 156 Pa. 172, and Lucas v. O'Brien, 159 Pa. 535, are all cases in which the provisions of the contract were consistent with a privilege on the part of a subcontractor to file a lien, and contained nothing exclusive of such a right. They are, therefore, inapplicable to the present case where the express words of the contract are in entire hostility to any such right." It is urged by counsel for the appellant that Creswell Iron Works v. O'Brien, 156 Pa. 172, sustains their contention. But we do not think so. There was no absolutely prohibitory clause in the contract in that case, as there is in this. The clause relied upon for the owner simply stipulated that the contractor should not suffer or permit a lien to be put or remain on the building, and added that any such lien or incumbrance until it is removed, should preclude any claim for payment under the contract. A further provision was made that the last instalment should not be payable until a full release of all claims and liens was furnished. The decision was put upon the ground that, "The contract must be interpreted according to the intention of the parties, and the fair construction of this is that the intention was to protect the owner not by the absolute prohibition of liens, but by providing for their payment by the contractor and, in default of his doing so, the stoppage of his own pay. There is no sufficient language in the covenant to indicate that the parties meant, even if they knew of their power, to prevent absolutely the filing of any lien." This citation sufficiently shows that the decision was induced by the absence of a positive stipulation prohibiting all liens. As the contract in the present case contains just such a stipulation it is not controlled by the ruling in the case cited. Inasmuch as the absolute prohibition in this case prevents a recovery, there is no difficulty in appreciating the force of the additional provision. It simply affords to the owner a means

of protecting himself against any possible liens which may be filed by withholding from the contractor any money due him under the contract. Such a provision certainly cannot operate to deprive the owner of the benefit of the prohibitory clause.

Judgment affirmed.