## Plumbing Company v. Powell.

*Mechanic's lien—Contract—Right of subcontractor to file lien.*

A building contract provided as follows : " It is further agreed that the party of the first part will not at any time permit any lien, attachment or any other incumbrance, under any law of this state, or otherwise, to be put or remain upon the building or premises, about or upon which any work is done, or materials are furnished under this contract for such work, materials, or by reason of any other claim or demand against the party of the second part." *Held*, that under the contract subcontractors had a right to file liens for their work or material. Gordon v. Norton, 186 Pa. 168, followed and applied.

Argued Jan. 9, 1900. Appeal, No. 10, Jan. T., 1900, by de-

fendants, in a suit of Hazleton Plumbing Company against.
Powell et al., from judgment of C. P. Luzerne Co., Feb. T.,.
1896, No. 235, in favor of plaintiff dismissing exceptions to,
referee's report.   Before RICE, P. J., BEAVER, ORLADY, W. W.
PORTER, W. D. PORTER and MITCHELL, JJ.   Affirmed.   Opin-
ion by W. W. PORTER, J.

Exceptions to referee's report.

It appears from the record that this was a suit to recover on
a mechanic's lien filed by a subcontractor.   A building contract.
had been executed between the owner, defendant in this case,
and Charles Wetterau, which contained the following stipula-
tions :

" It is further agreed, that the party of the first part will not
at any time permit any lien, attachment, or any other incum-
brance, under any law of this state or otherwise, to be put or
remain upon the building or premises about or upon which any
work is done or materials are furnished under this contract for
such work, materials, or by reason of any other claim or de-
mand against the party of the second part.   Party of the first.
part agrees to keep said building insured in a reliable company
against loss or damage caused by fire, for benefit of party of the:
second part, as his interest may appear."

The referee reported that the plaintiff was entitled to judg-
ment of $629.45, with interest from November 19, 1895, in rem.
sec. leg.

Exceptions to the referee's report were dismissed by the court.
who confirmed the report of the referee and ordered judgment
to be entered in accordance with referee's findings of fact and
conclusions of law.   Defendants appealed.

*Error assigned* among others was (1) referee's third conclu-
sion of law as follows :   " Now the stipulation in this case, even.
standing alone, without reference to the bond is fairly and rea-
sonably susceptible of another construction.   It does not ex-
press, nor necessarily imply, that no liens shall be filed.   Its
language hardly imports more than a covenant to protect the
owner by removing liens if filed, thus recognizing the possibil-
ity of them being filed."

*George H. Troutman*, with him *L. W. De Witt*, and *Edward A. Lynch*, for appellants.— The present case is governed by Life Association v. Jackson, 163 Pa. 308, and is in conformity with the doctrine of the leading case of Nice v. Walker, 153 Pa. 123.

The party of the second part agrees that he will keep the lot and building free from mechanics' liens and any and all manner of charges.

This was not an express covenant according to Nice v. Walker, but Mr. Justice GREEN says in construing the words used that " if they are to be kept free they must necessarily be free all the time." It is very plain therefore that the words of the clause are the full equivalent of a contract not to file or permit to be filed a lien or charge whatever. This brings the case directly within Schrœder v. Galland, 134 Pa. 277, Benedict v. Hood, 134 Pa. 289, and other kindred cases, and especially Ballman v. Heron, 160 Pa. 377, and is entirely consistent with everything contained in Nice v. Walker.

*George S. Ferris*, with him *Philip V. Weaver*, for appellee.— It is settled that a covenant against liens should so clearly appear that the mechanic or material man can understand it without consulting a lawyer as to its legal effect: Nice v. Walker, 153 Pa. 123.

In Gordon v. Norton, 186 Pa. 168, the clause as to liens was practically the same as in the case at bar, and in Cresswell Iron Works v. O'Brien, 156 Pa. 172, and in Lucas v. O'Brien, 159 Pa. 535.

OPINION BY WILLIAM W. PORTER, J., April 23, 1900:

The question raised by the first assignment of error is the only one requiring notice at our hands. As the appellant says, it practically includes all of the other assignments of error. It is, whether the provisions of the contract respecting the filing of mechanics' liens is operative to prevent the filing of liens. The language used is as follows : " It is further agreed that the party of the first part will not at any time permit any lien, attachment or any other incumbrance, under any law of this state, or otherwise, to be put or remain upon the building or

premises, about or upon which any work is done, or materials are furnished under this contract for such work, materials, or by reason of any other claim or demand against the party of the second part."

The striking similarity between this clause and that in the contract involved in the case of Gordon v. Norton, 186 Pa. 168, leads us to put the two in close comparison by quotation.   After stipulating that he will file no lien himself, the contractor there agrees that he will " not suffer or permit any lien, attachment or other incumbrance, under any laws of this state, or otherwise, by any person or persons whatsoever, to be put or remain upon the said sixty-five buildings, or upon any of them, for any work or labor done or material furnished under or in pursuance to this contract, or by reason of any other claim or demand against him,"etc.   Of this clause Mr. Justice MITCHELL says : " This is not such a covenant as will prevent the filing of liens under the rule ascertained and intended to be finally settled in Nice v. Walker, 153 Pa. 123 ; and almost identical language has been so determined in Creswell Iron Works v. O'Brien, 156 Pa. 172; and Lucas v. O'Brien, 159 Pa. 535."

It is impossible to escape from the application of the opinion quoted to the case before us, or to successfully attack the soundness of the judgment.   It is an authority determining this cause against the appellant, and sustaining the action of the court below, founded upon the report of the referee.   Under these circumstances, it seems unnecessary to go further afield among the many decided cases to be found in our reports on the general subject, or to enter upon a discussion of the principles upon which they have been decided.

The judgment of the court below is affirmed.