# Consolidated Ice Manufacturing Company *v.* Blomer, Appellant.

*Judgment—Bond—Signature—Principal and surety—Opening judgment.*

A judgment entered upon a bond and warrant against a surety will not be opened on the ground that the bond was not signed, where it appears that the bond was printed on one side of a sheet of paper and not signed,

and that the warrant of attorney was printed on the other side of the sheet and was signed both by principal and surety, and contained a full recital of the bond.

Argued Oct. 17, 1901. Appeal, No. 124, Oct. T., 1901, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1900, No. 1157, discharging rule to open judgment in case of The Consolidated Ice Manufacturing Co. v. William A. Blomer and William H. Berkelbach. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.

From the record it appeared that judgment had been entered on a bond and warrant printed on one sheet of paper. The bond was printed on one side of the sheet, and the warrant upon the other side.

The bond and warrant were as follows:

" Know all men by these presents, that William A. Blomer and William H. Berkelbach of the city of Philadelphia, held and firmly bound unto the Consolidated Ice Manufacturing Company of the said city in the sum of $200, lawful money of the United States of America, to be paid to the said Consolidation Ice Manufacturing Company their certain attorney, successors      or assigns : to which payment well and truly to be made we bind ourselves our and each of our heirs, executors and administrators, firmly by these presents. Sealed with our seals, dated the sixth      day of April, in the year of our Lord one thousand eight hundred and ninety-seven.

" Whereas, the said W. A. Blomer is about to enter the employ of the Consolidated Ice Manufacturing Company as foreman, and as such employee will collect divers sums of money belonging to the said company; and whereas, security in the sum of two hundred dollars has been required of the said W. A. Blomer before entering said employment, and the said W. H. Berkelbach has been offered and accepted as such security. Now the conditions of this obligation is such that if the said

W. A. Blomer, in his said employment as foreman for the said Consolidated Ice Manufacturing Company, shall faithfully perform his duties as such employee, and shall make proper returns for all moneys received by him belonging to the said Consolidated Ice Manufacturing Company, then this obligation to be void or else to remain in full force and virtue.

" To                                        Esq., attorney of the court of common pleas, at                                in the county of                    in the state of                              or to any other attorney of the said court, or any other court, there or elsewhere.

" Whereas,
in and by a certain obligation bearing even date herewith, do stand bound unto        the Consolidated Ice Manufacturing Company
in the sum of two hundred dollars
        lawful money of the United States of America, conditioned
Whereas, this obligation is such that if the said W. A. Blomer, in his said employment as foreman for the said Consolidated Ice Manufacturing Company, shall faithfully perform his duties as such employee, and shall make proper returns for all moneys received by him belonging to the said company, then this obligation to be void or else to be and remain in full force and virtue.

" These are to desire and authorize you, or any of you, to appear for us and each of us, our and each of our heirs, executors or administrators, in the said court or elsewhere, in any appropriate action there or elsewhere brought, or to be brought against us, our or either of our                  heirs, executors or administrators, at the suit of the said Consolidated Ice Manufacturing Company, their certain attorney, successors or assigns, on the said obligation, as of any term or time past, present, or any other subsequent term or time there or elsewhere to be held, and confess judgment thereupon against us, our and each of our heirs, executors or administrators, for the sum of two hundred dollars            lawful money of the United States of America, debt, besides cost of suit, by non sum informatus, nihil dicit, or otherwise, as to you shall seem meet;

454 CONSOLIDATED ICE MFG. CO. *v.* BLOMER, Appellant.

Statement of Facts—Opinion of the Court. [18 Pa. Superior Ct.

and for your, or any of your so doing this shall be your sufficient warrant. And we do hereby, for ourselves, our and each of our                    heirs, executors and administrators, remise, release and forever quitclaim unto the said Consolidated Ice Manufacturing Company successors

and assigns, all and all manner of error and errors, misprisions, misentries, defects and imperfections whatever, in the entering of said judgment, or any process or proceeding thereon, or thereto, or anywise touching or concerning the same. In witness whereof, we have hereunto set our hands and seals the sixth                    day of April,                    in the year of our Lord one thousand eight hundred and ninety-seven.

"WILLIAM A. BLOMER,          [Seal.]
"WILLIAM H. BERKELBACH,     [Seal.]
"Sealed and delivered in the presence of
"CHAS. W. DEVITT,
"J. M. RUSH JERMON."

It was claimed by Berkelbach, the surety, that the judgment should be opened as to him, because he had not signed the bond.

The court discharged the rule to open the judgment.

*Error assigned* was the order of the court.

*J. Frederick Hartmann*, for appellant.

*William W. Moore*, for appellee.

OPINION BY BEAVER, J., December 2, 1901:

Judgment was entered against two defendants by virtue of a warrant of attorney duly executed. The appellant, alleging that he was surety and had never signed the bond upon which judgment was entered, moved to strike off the judgment which, upon the argument of a rule to show cause, was refused. The ground upon which the rule was based was the fact, apparent from an inspection of the paper, that the part designated as the bond had not been signed, except as hereinafter stated.

The paper was denominated a "bond and warrant." It was

printed upon a single sheet of paper but the bond proper and the warrant of attorney were upon different pages connected by a diagonal dead line and there were no scroll seals or other indication of intended separate execution as to the bond. The warrant of attorney was addressed at the top of the page " To                         Esq., Attorney of the Court of Common Pleas at                    etc." Then follows a full recital of the bond or obligation in which the obligee, the penalty and the condition are all fully set forth, and at the end properly executed with signatures, which are not denied, and seals. The court below held this a good execution of the bond and this constitutes the appellant's only complaint.

It has long been the universal practice in Pennsylvania to combine a promise to pay and a warrant of attorney to confess judgment in a single obligation which is called in common parlance a "judgment note." So in many leases of real estate there is combined in the same paper a lease proper and a warrant of attorney to confess judgment in ejectment upon failure to comply with the provisions of the lease as to payment of rent, etc., and these are usually signed but once at the end of the combined parts of a single instrument. Their validity in such cases has never, so far as we know, been questioned. Although the form of the obligation in the present case is somewhat different from the familiar illustrations above referred to, we can see no difference in legal effect. If the obligation to pay mentioned in the bond and fully recited in the warrant of attorney is not binding, the execution of the paper is absolutely meaningless. In Benedict v. Hood, 134 Pa. 289, it was held that " the plaintiff, who was a subcontractor, did not sign his name at the foot of the bond but he wrote his name in the blank left at the head of the bond for the names of the obligors, and this was a good execution as to him." The execution in this case is much more solemn and the intention to be bound, as shown by the appellant's signature and the full recital of the bond in the warrant of attorney, much stronger. We see nothing whatever in the case as presented which would warrant the opening, much less the striking off, of the judgment. The order discharging the rule to show cause is, therefore, affirmed.