# Old Forge Borough, Appellant, *v.* Foley Estate.

*Municipal liens—Signing of claim—Borough solicitor—Act of June 4, 1901, P. L. 368.*

When a municipal claim is filed by a borough using a printed form with various blanks, on a paper to be folded twice and the blank on the first page for the signature of the borough solicitor is not filled in or signed by the solicitor, but on the back in an appropriate place, the solicitor signs his name in writing with the date of the filing, the claim is sufficiently signed within the meaning of the Act of June 4, 1901, P. L. 368, which provides that such "claim must be signed by the solicitor or chief executive officer of the claimant,"

126 OLD FORGE BORO., Appellant, *v.* FOLEY ESTATE.

Statement of Facts.    [67 Pa. Superior Ct.

Argued March 8, 1917.   Appeal, No. 32, March T., 1917, by Borough of Old Forge, from order of C. P. Lackawanna Co., No. 1316, M. L. D., year 1914, striking of Municipal lien in case of Borough of Old Forge v. Foley Estate.   Before Orlady, P. J., Porter, Henderson, Head, Kephart, Trexler and Williams, JJ.   Reversed.

Rule to strike off municipal lien.   Before Edwards, P. J.

The lien filed was on a printed blank intended to be folded twice.   The concluding paragraph of the lien and the endorsement were as follows:

"And the Borough of Old Forge files this claim and lien under and by virtue of the acts of assembly of the said Commonwealth of Pennsylvania relating thereto and the ordinances of the said Borough of Old Forge as aforesaid.

"Borough of Old Forge,

By................

*"Borough Solicitor."*

Endorsed on the back as follows:

"MUNICIPAL LIEN DOCKET.

No. 1316                                        Year 1914

BOROUGH OF OLD FORGE,

v.

FOLEY ESTATE,

Owner or Reputed Owner.

MUNICIPAL LIEN.

Filed, April 9, 1914.

(Signed) John H. Bonner,

Solicitor for Borough of Old Forge."

The court struck off the lien because it was not signed by the solicitor as provided by the Act of June 4, 1901, P. L. 368.

*Error assigned* was the order of the court.

*C. L. Robertson,* of *Ellis & Robertson,* for appellant.

*P. C. Foley,* for appellee.

OPINION BY ORLADY, P. J., July 13, 1917:

The Borough of Old Forge, a municipal corporation, filed its claim and lien against "Foley Estate, owner or reputed owner" of described property, for the sum of $1,149.12, with interest, claimed to be due for the construction of a sewer adjoining and adjacent to the described property. Exceptions to the validity of the lien were filed, the first of which is as follows: "The said claim was not signed by the solicitor or chief executive officer of the borough aforesaid, in accordance with the Act of June 4, 1901, Section 11, P. L. 368." Other exceptions followed which were not sustained by the court below, and they are not material in disposing of the question involved in this case.

The learned judge of the court below was of the opinion that the claim was not properly signed, sustained the exception, and directed that the lien be stricken from the record, from which order this appeal is taken.

The concluding paragraph of Section 11, of the Act of June 4, 1911, is as follows: "Said claim must be signed by the solicitor or chief executive officer of the claimant; and in the case of a use-plaintiff, must be accompanied by an affidavit that the facts therein set forth are true to the best of his knowledge." There being no use-plaintiff in this case, the only question presented is the sufficiency of the signing of the lien. A printed blank was used, in which the parties were designated as "Borough of Old Forge v. Foley Estate," and following the usual

recitals it complied in all particulars with the require-
ments of the act of assembly.   There was a blank in the
printed form at the bottom of the first page, as follows:
"Borough of Old Forge......Borough Solicitor."   The
paper was printed to be folded twice, so as to expose on
the back a printed statement, with appropriate insertions
as follows: "........Municipal Lien, Dock. No. 1316,
.......year, 1914.   Borough of Old Forge v. Foley Estate,
owner or reputed owner.   Municipal Lien, filed April 9,
1914, John H. Bonner, Solicitor for Borough of Old
Forge."

It is to be observed that the statute does not specify at
what part of the claim the solicitor or chief executive
officer of the claimant is to affix his signature.   The only
requirement being that it is to be signed by such officer.
This claim is signed by John H. Bonner, the solicitor for
the Borough of Old Forge.   He did not adopt the sug-
gestion held out by the printer by signing his name at
two places,—first the one at the bottom of the form re-
citing the claim, but contented himself with affixing his
signature as such solicitor, at the bottom of the last print
or back of the form.   Following the ordinary prepa-
ration of the lien his signature represents his last act in
preparing it for filing, and as such, is at the end thereof.
The affixing of a signature in an improper place is not
material, so if one through inadvertence or mistake signs
in a place appropriate for the name of a witness, intend-
ing however, to sign for an entirely different purpose,
the instrument will not be avoided: 2 Cyc. 206.

It was held in Fisher v. King, 153 Pa. 3, that an in-
strument, will not be void, because one attempting
to endorse a note, but through ignorance wrote his name
as a witness.   Such alteration is not wilful, or does it
come within the reasons of the rule as against public
policy.   When a signature is essential to the validity of
an instrument it is not necessary that it appear at the
end of the instrument.   If the name of the party whose
signature is required, is written by him in any part of the

instrument for the purpose of authenticating it, it is a
sufficient signature: 36 Cyc. 449.

No material fact in this lien is challenged. The de-
scription of the property, the amount of the lien, the reg-
ularity of all the proceedings are practically conceded,
save and except the place at which the city solicitor
signed the lien, so as to comply with the statutory re-
quirements. The paper as taken from the files, would
give notice to the inquirer on first view of its character,
the parties to the action and the date of its being filed
by John H. Bonner, solicitor for the plaintiff borough,
so that the purpose of the act was fully served.

We held in Consolidated Ice Manufacturing Co. v.
Blomer, 18 Pa. Superior Ct. 451, that "A judgment en-
tered upon a bond and warrant against a surety will not
be opened on the ground that the bond was not signed,
where it appears that the bond was printed on one side of
a sheet of paper and not signed, and that the warrant of
attorney was printed on the other side of the sheet and
was signed, both by principal and surety, and contained
a full recital of the bond." While a mechanics' lien is a
creature of the statute, and compliance with statutory re-
quirements is necessary to its validity, it is not to be lost
sight of that this statute is to receive a reasonable con-
struction. The question is, does the appearance of the
document, taken as a whole, fairly indicate such an omis-
sion of a statutory requirement as is calculated to mis-
lead one candidly searching after truth? It can hardly
be urged that another signature of the same solicitor at
another part of the same claim would have given any ad-
ditional light on this subject. The name attached was
sufficient to identify the officer, and without any statu-
tory directions as to its location on the paper, we feel
that this claim is sufficiently signed.

When a subcontractor did not sign his name at the
foot of the guaranty, but wrote it in the blank left at
the head thereof for the names of several obligors, it is a
good execution of the guaranty and the same will be

obligatory upon him as such: Benedict v. Hood, 134 Pa. 289.

Assuming that the direction contained in the statute is mandatory, and that the claim must be signed by the solicitor or chief executive officer of the claimant, we hold that on the record as exhibited, this municipal claim is properly signed by the borough solicitor. Allentown v. Ackerman, 37 Pa. Superior Ct. 363, was decided upon entirely different grounds, and does not control the question herein involved.

On inspection of the claim, as taken from the files in the proper office, it is clear that the city solicitor intended that his signature was a compliance with the statutory requirement. The formal statements of the claim had been set out at large. It was signed by the proper officer; the letter and spirit of the law had been formally followed.

The judgment is reversed, the lien reinstated and the record remitted with a procedendo.